PONDER, Judge.
Plaintiff appealed from a decision of the Civil Service Commission upholding his suspension and termination.
The issues are: the sufficiency of notice of the charges against plaintiff, the propriety of the testimony of one of the residents at Pinecrest State School and the adequacy of proof.
We affirm.
Plaintiff, a Resident Training Specialist I at Pinecrest State School, an institution for persons with serious physical and mental disabilities, was verbally suspended from his employment. Later, he was terminated on charges of unnatural sexual activities with some of the male residents. The letter gave the date, time, location and exact nature of one such act, but did not name the witness. It listed other incidents and stated that plaintiff had been moved to another cottage for closer observation after a report of sexual misconduct. Plaintiff denied all allegations.
The Civil Service Commission refused to grant plaintiff’s motion for summary disposition, holding that the failure to name a witness in a charge did not render the charge fatally defective.
The Commission, after hearing the evidence, found that the appointing authority had proved the charge and affirmed the termination.
Plaintiff first argues that the degree of specificity necessary to put an employee on notice of the charges against him was not met, because of the omission of the name of the witness.
A classified employee must be told the time, place and nature of the charged offense in sufficient detail for him to prepare his defense. Shelfo v. LHHRA, Pinecrest State School, 361 So.2d 1268 (La.App. 1st Cir.1978), writ denied, 364 So.2d 122 (La.1978).
The dismissal letter gave the date, time, place and exact nature of the sexual misconduct with which plaintiff was charged. We hold that the letter gave sufficient notice to the plaintiff.
Appellant claims that the Commission erred in allowing a resident to testify to prior incidents without having the oath administered to him, without a determination that he understood the nature of the oath and despite the fact that the resident was not listed as the cause of the disciplinary action.
The record shows that the resident was questioned as to his understanding and that he was administered the oath. In the absence of any efforts to correct the record, we adopt these facts as being proved.
The Commission found that no disciplinary action was taken as a result of the first incident because the inmate was of doubtful veracity. The proved incident was found to be of sufficient severity as to justify the action taken. We agree.
Plaintiff’s final contention is that the appointing authority failed to prove its case by a preponderance of the evidence. The Commission’s findings of fact must be accorded much weight and will not be overturned in the absence of manifest error. Brook v. Louisiana State University, Baton Rouge Campus, 405 So.2d 1216 (La.App. 1st Cir.1981). We cannot say that finding was manifestly erroneous, even when evidence of the first incident is not considered. We find no error.
For these reasons, the Commission’s decision is affirmed with costs assessed to the plaintiff.
AFFIRMED.