DUFRESNE, Judge.
Frank S. Venezia, Sr., plaintiff-appellant, brings this appeal from a decision by the Jefferson Parish Personnel Board ordering him suspended for five months for being absent during working hours, from his employment as a classified employee of the Jefferson Parish Department of Inspections and Code Enforcement, defendant-appellee.
Because we find that the notice of dismissal received by plaintiff was sufficient to place him on notice that his being at home during working hours was one of the causes of disciplinary action, we affirm.
In April, 1982, plaintiff had been employed for four years as a plumbing inspector by defendant. On April 27, 1982, he *790 received a letter of termination reciting the cause for disciplinary action as follows:
“As directed by me the supervisors of the Department of Inspection & Code Enforcement, Division of Regulatory Inspections, advised their inspectors that they were to supply this office with the description and license number of any vehicles they would possibly use in the execution of their duties, namely making inspections, and keep their supervisors informed as to what particular vehicle was being used on any given work day. The supervisors further informed their inspectors that there would be investigations and monitoring of their inspectors’ daily work. Accordingly, your Supervisor, Mr. Richard Morris, advised all Plumbing Inspectors, including you, concerning the aforementioned description of car/cars being used and possible investigation of work schedules.”
“For the work days of April 15 and April 16,1982 you submitted signed Daily Trip Sheets for full seven (7) hours of work for each day. On the Trip Sheet of April 15, 1982 for the period of 10:50 A.M. through 2:30 P.M. you indicate that you were inspecting jobs on Stall Drive, Hampton Drive, Ave. E, and Elmlawn. However, it has been established that on April 15, 1982 from 10:50 A.M. through 2:30 P.M. you were, in fact, at your residence located at 7419 St. Rita Street, Marrero, La. On your Trip Sheet of April 16, 1982 for the period of 10:30 A.M. through 2:30 P.M. you indicate that you were making inspections at Indigo Court, Nathan Korman, West Catawba Street, Lac Bienville, and Fifth Street. However, it has been established that on April 16, 1982 for the period 10:30 A.M. through 2:30 P.M. you were, in fact, at your residence located at 7419 Rita Street, Marrero, La.
Your submittal of Daily Trip Sheets for April 15 and 16, 1982, as aforementioned, constitutes fraudulent action for the purpose of obtaining pay for time not actually worked. Such conduct cannot be tolerated and only serves to hinder the efficient operation of the Department of Inspection & Code Enforcement, and downgrade the respected image that should be maintained. Accordingly, effective April 26, 1982, you are dismissed from your position as Plumbing Inspector I with the Department of Inspection and Code Enforcement, Division of Regulatory Inspections. Also, be advised that we have placed you on Leave Without Pay for three hours on April 16, 1982, and two and one-half hours on April 15, 1982.” (Emphasis added.)
He thereupon appealed his termination to the Personnel Board which found that this allegation of fraud was unfounded in that plaintiff did perform at least seven hours of work on each of the days in question. The Board further found, however, that plaintiff had absented himself from his assigned work location on those days in violation of well known policies of the Department, and had therefore acted in a manner detrimental to the efficiency and image of the Department. Based on these findings, the Board ruled that while termination was too harsh a sanction, suspension for some five months was an appropriate penalty. It therefore ordered that plaintiff be allowed to return to work as of September 27, 1982.
The first issue to be resolved here is whether defendant proved the allegation of fraud made in its letter of dismissal, La. Const. Art. 10, Sec. 8(A). The Personnel Board found that it did not so prove, and we agree.
Testimony by plaintiff’s immediate supervisor conclusively showed that the time sheets in question were not prepared by plaintiff, but rather by a secretary in the Department’s, office. It further showed that although these time sheets listed job sites to be inspected at certain times, these times were meaningless. The job routine was rather that these time sheets were picked up from the office by the various inspectors every afternoon. They then telephoned the job sites to set up inspection appointments for the following day, and these appointment times were never turned in to the office. The only things that were *791 returned were the original secretary’s time sheets with the inspected sites checked off. The supervisor further testified that inspectors regularly made appointments before and after the normal work hours of 8:30 A.M. to 4:30 P.M. to accommodate builders. He finally stated that the sites listed for the two days in question would have required at least seven hours per day to inspect, and as he had received no complaints from the builders at the sites, he assumed they had all been inspected.
Plaintiff introduced Department records which showed unquestionably that he had inspected all of the sites listed for the days in question. His testimony was that he began work on those days at 7 A.M., returned home during the middle part of the day, because he was not feeling well, and finished the inspections in the afternoons.
From this evidence we find that the Board correctly determined that plaintiff worked at least seven hours on each day, and therefore that defendant failed to prove that plaintiff fraudulently submitted time sheets for the purpose of obtaining pay for time not actually worked.
The next issue is whether the Board’s conclusion that plaintiff violated work policies of the Department by being at home during working hours could be used as grounds for sanctions.
La.Const. Art. 10, Sec. 8(A) states that no classified employee “shall be subjected to disciplinary action except for cause expressed in writing.” The purpose of this rule is to apprise the employee in detail of the charges against him so he can defend against these charges on appeal, and to limit any subsequent proceedings to the stated cause, Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir. 1981).
Our reading of the dismissal letter quoted above is that it fairly put plaintiff on notice that his being at home during the work day was an additional cause of disciplinary action. In the first paragraph there is explicit mention of the fact that employees of the department were told that their daily work schedules were being monitored. The second paragraph recites the particular allegations, with dates and times, that plaintiff was at home during working hours. The third paragraph, while admittedly emphasizing that submission of fraudulent time sheets was the cause of dismissal, nonetheless refers to plaintiff’s entire behavior on the days in question.
Furthermore, testimony at the hearing was that plaintiff knew of department regulations which required him to drive around in his assigned area and look for possible code violations during those times when he had no inspection appointments.
Under these circumstances, we find that plaintiff was adequately apprised of the specific charges against him so as to satisfy the “cause expressed in writing” clause of applicable constitutional provision.
Plaintiff contends, however, that even were the notice deemed sufficient, disciplinary action was still improper. His first argument is that the letter of termination was premature in that he had ten days within which to report an illness, but received the termination letter before that time had run. This argument is without merit. The Jefferson Parish Personnel Rules, IX, 3.5, provides that notice of sick leave shall be in writing and “furnished in advance, or if advance notice is not possible, as soon as reasonably practical and in no case later than ten (10) calendar days after the onset of sick leave.” Here, plaintiff made no effort to inform his supervisor of sick-leave in writing or otherwise. Neither did he demonstrate that there was any practical impediment to his doing so for the ten days after the onset of the sick-leave. On the record before us, we conclude that he never intended to claim sick leave for the days in question in accordance with this rule and raised this issue only in response to his dismissal.
We likewise reject plaintiff’s second argument that since the appointing authority can only suspend an employee for a maximum of 90 days, this limitation also applies to actions of the personnel board. Section II, 4.8, of the above cited Personnel *792 Rules, provides that the Personnel Board may “affirm, amend or overturn” the action of the appointing authority. Therefore, amendment of a termination to a five month suspension clearly lies within the above authority of the Board.
Plaintiff’s next argument is that the order of the Board that he be reinstated “on or before September 27, 1982”, is indefinite as to his term of suspension. This order was given on September 16, 1982. Our appreciation of the order is that plaintiff was to be reinstated at least as of September 27th, but that the appointing authority was given the discretion to do so at anytime between September 16th and 27th. We find nothing indefinite or prejudicial to plaintiff in this order, and therefore reject this argument as well.
Plaintiff’s final argument is that there was no showing that his conduct affected the efficient operation of the Department. We find, to the contrary, that the very fact of his being absent from the job during working hours must necessarily have adversely affected this operation.
For the foregoing reasons, the action of the Personnel Board has met the State Constitutional requirements and is hereby affirmed.
AFFIRMED.