442 So.2d 889 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Audrey BELLOWS, Defendant-Appellant.
No. CR83-327.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearing Denied January 13, 1984.
Writ Denied March 16, 1984.
*891 Jose Cortina, Baton Rouge, for defendant-appellant.
John Sturgeon, Dist. Atty. and Ron Kilgarlin, Asst. Dist. Atty., Vidalia, for plaintiff-appellee.
Before CUTRER, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Defendant, Audrey Maye Bellows, was indicted by a grand jury for second degree murder, in violation of LSA-R.S. 14:30.1 following the shooting of Leon Bellows. A twelve member jury found defendant guilty of manslaughter, LSA-R.S. 14:31, a responsive verdict to second degree murder. She was sentenced to fourteen years at hard labor. Defendant now appeals the trial court's denial of a new trial on the basis of five assignments of error, contending that many prejudicial errors were made during trial.[1] We affirm.

FACTS
On September 12, 1981, in the early morning hours, Audrey Bellows shot Leon Bellows, her husband, just outside of their home in the course of a heated domestic quarrel, with a .38 caliber pistol. The victim allegedly beat the defendant and threatened to kill her with a knife, while in their home. Defendant attempted to escape in a car whereupon she armed herself with a pistol and shot the victim as he approached the car. After the police arrived, Mrs. Bellows handed over the weapon and admitted shooting her husband. The victim died from the shooting shortly afterwards.
Upon further investigation, coupled with inculpatory statements given by Mrs. Bellows, the police arrested her. At trial, Mrs. Bellows admitted that she shot her husband, but claimed it was in self-defense. The state introduced into evidence testimony of police officers and friends of the Bellows which negated her defense.
During the course of the trial defendant raised the following objections, which are now made assignments of error on appeal.
Assignment # 1
Immediately following the shooting, defendant stated her version of the incident to the police. These statements were recorded and later received as evidence in the trial. Defendant asserts that she had not been notified by the state of its intent to introduce the inculpatory statements. Because of this, defendant could not prepare adequately for the trial.
Defense counsel moved for a mistrial on the basis that proper notice pursuant to LSA-C.Cr.P. art. 768 had not been complied with by the state; therefore, the inculpatory statements of the defendant should not have been admitted into evidence.
At the time this trial took place, LSA-C. Cr.P. art. 768 provided:
"Art. 768. Same; use of confession or inculpatory statement; notice to defendant prior to opening statement
If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence."
The state concedes that it did not comply with the notice provisions of LSA-C.Cr.P. art. 768. However, the state contends that the defendant had actual notice of the statements and thus, should not have been surprised. Nevertheless, defendant moved for a mistrial. The trial judge asked defense counsel if copies of the inculpatory statements had been furnished to him and he responded affirmatively. Also, in answering defendant's motion for discovery, *892 the state noted that it had possession of taped statements made by the defendant.
The purpose of the statutory scheme of LSA-C.Cr.P. art. 768 is to prevent surprise and to allow adequate time for the preparation of the defense. State v. Russell, 416 So.2d 1283 (La.1982), cert. denied, ___ U.S. ___, 103 S.Ct. 309, 74 L.Ed.2d 288 (1982). We note that in State v. Sneed, 316 So.2d 372 (La.1975), the court held that even in the absence of the written notice required by Article 768, a defendant is not prejudiced by the admission of statements if he had actual notice by other means. See, State v. Williams, 416 So.2d 914 (La.1982).
It appears from a review of the record that the defendant knew of the existence of the statements and of the state's intention to use them at trial. In light of Sneed, supra, the trial court did not commit reversible error. Therefore, this assignment of error lacks merit.
Assignment # 3
At trial, Miss Mary Ann Nix testified for the state. She stated that two days prior to the shooting the defendant told her: "I promise you Benny (inaudible) will be a dead so and so." Also Miss Nix testified that upon arriving at the scene of the alleged crime, the defendant stated: "I told you I was going to kill the so and so." Defendant contends the trial court erred in allowing this testimony into evidence, particularly the incriminating statements made by the defendant, without prior notice that it was going to be introduced into evidence.
Defense counsel never objected to this testimony on the grounds of surprise or noncompliance with the discovery rules. In State v. Quimby, 419 So.2d 951 (La.1982), the court stated that a defendant who fails to object to the state's response in a motion for discovery, to state clearly for the trial court his basis for complaint, and to request the granting of any of the sanctions afforded by LSA-C.Cr.P. art. 729.5 for failure to comply, has effectively waived his right to complain on appeal in connection therewith. See also, State v. Bonanno, 373 So.2d 1284 (La.1979).
Further, in the recent decision of State v. Hooks, 421 So.2d 880 (La.1982), the court noted that the state is not required to give notice or to divulge the contents of an oral statement made by the defendant to a private citizen when the state plans to use that evidence at trial.
Accordingly, this assignment is without merit.
Assignment # 4
Defendant contends under this assignment that defense counsel was not allowed to effectively cross-examine state's witness, Evodna Reid. The trial judge instructed defense counsel to question the witness only as to that which was adduced on direct examination by the state.
We agree that the trial court erroneously restricted defendant's right of cross-examination. Defendant has an absolute right to conduct a relevant cross-examination of the state's witness upon the whole case. LSA-R.S. 15:280; State v. Morgan, 367 So.2d 779 (La.1979).
Nevertheless, we find that defendant was not deprived of any valid defense by this trial court error. The point or fact which defense counsel sought to prove by this attempted cross-examination was substantially established during the trial through other witnesses and by admitted photographs.
We therefore hold that this assignment is without merit since the trial court error does not constitute reversible error.
Assignment # 10
Defendant contends that the trial court erred in not granting a new trial on the basis that defendant had discovered new and material evidence. Defense counsel, in the motion for a new trial, stated that after trial he learned that Mary Ann Nix had been arrested for prostitution in New Orleans on several occasions and had been involved in the traffic of marijuana. Defense counsel further noted that he did not know she was going to testify and had he known such, he would have effectively *893 rebutted her testimony, undermining her credibility.
In State v. Cobb, 419 So.2d 1237 (La. 1982), the Louisiana Supreme Court reasoned:
"[15-17] The motion for a new trial rests upon the supposition that some injustice has been done, therefore it is incumbent upon the mover to show that this is the case. C.Cr.P. Art. 851. See: State v. Coleman, 390 So.2d 865 (La., 1980). The trial court is granted much discretion in evaluating the impact of newly discovered evidence and its ruling will not be disturbed, absent a clear abuse of discretion. State v. Spell, 399 So.2d 551 (La., 1981). In considering a motion for a new trial based upon newly discovered evidence, the test to be employed by the trial court is whether the newly discovered evidence is so material as to warrant a different result than that which was reached in the original proceeding. State v. Miles, 402 So.2d 644 (La., 1981); State v. Motton, 395 So.2d 1337 (La., 1981)."
It would be purely speculative to place such significance on this new evidence to the extent that this evidence would warrant a different result than that which was reached in the original proceeding. Therefore, it does not appear that the trial judge abused his discretion in denying the motion for a new trial. Consequently, this assignment of error lacks merit.
Assignment # 12
Defendant asserts that the trial court erred by not granting a mistrial because of the prosecutor's comments on the evidence made in his closing argument. Defendant notes the following comments by the District Attorney:
1. "He was not drunk."
2. "He never really tried to kill her."
3. "He certainly was not trying to kill her."
At trial, defense counsel moved for a mistrial after the prosecutor had completed his closing argument. In denying the motion, the trial judge reasoned that the state's counsel had a right to expound his theories of the case and that defense counsel had ample opportunity to rebut the same.
The scope of a closing argument is set forth in LSA-C.Cr.P. art. 774 which provides:
"Art. 774. Argument; scope
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant."
The first statement which defendant contends violated LSA-C.Cr.P. art. 774 was, "He was not drunk." This statement pertained to the condition of the victim at the time of the alleged offense. The state introduced expert testimony to prove that the victim's blood-alcohol level indicated that the victim was only slightly intoxicated, rather than extremely drunk. The state discussed this evidence in closing arguments and admitted that the victim had been drinking. Consequently, it does not appear that the District Attorney violated LSA-C.Cr.P. art. 774 by commenting on the degree of intoxication of the victim, since evidence was adduced by the state on that matter at trial from which the state could appropriately draw conclusions of fact. See State v. Prestridge, 399 So.2d 564 (La.1981).
The second statement which defendant contends violated Article 774 was, "He never really tried to kill her." The District Attorney, in making the statement, was commenting on the defendant's testimony that the victim had threatened her life. In particular, the District Attorney elicited testimony on cross-examination of Deputy Sheriff Merrill about an incident which took place a couple of days before the shooting. Reportedly, while in efforts of escaping, the defendant's car was struck *894 by a shotgun blast fired by Mr. Bellows. Deputy Merrill testified, without objection, that Mr. Bellows told him that he was only trying to frighten her by shooting over the car. The statement of Mr. Bellows was in response to a police investigation of the incident. Since there was evidence admitted concerning Mr. Bellows' efforts in frightening the defendant, the District Attorney's comments in closing arguments pertaining to this statement appear to fall within the permissible scope of argument under LSA-C.Cr.P. art. 774.
The third statement which the defendant contends violated Article 774 was, "He certainly was not trying to kill her." This comment was in reference to the defendant's claim that she shot Mr. Bellows in self-defense. On cross-examination of the defendant, the District Attorney attacked inaccuracies of statements made by the defendant after the shooting. In particular, the District Attorney attempted to attack the different explanations given by the defendant as to what transpired between her and the victim immediately before the shooting. In examining the comments of the District Attorney in closing argument pertaining to this statement, it appears that the comments were intended to convince the jury that defendant's version of the facts was incredulous. Thus, it would appear that the comments of the District Attorney were proper. See State v. Webb, 419 So.2d 436 (La.1982).
Before a case will be reversed on the grounds of improper argument, we must be convinced that the remarks influenced the jury and contributed to the verdict. State v. Barrow, 410 So.2d 1070 (La. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982). We hold that even if the remarks were improper, they do not constitute reversible error. Therefore, this assignment lacks merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Assignments of Error Nos. 2, 5, 6, 7, 8, 9, 11 and 13 were abandoned by the defendant. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).