PONDER, Judge.
Plaintiff appealed the trial court’s dismissal without reasons of its suit for the alleged balance owed for crane rentals. We affirmed the lower court’s action on the basis of accord and satisfaction. RTL Corporation v. Manufacturer’s Enterprises, Inc., 415 So.2d 412 (La.App. 1st Cir.1982). The Supreme Court reversed our decision and remanded the case to us for a determination of the reasonableness of the disputed charges. RTL Corporation v. Manufacturer’s Enterprises, Inc., 429 So.2d 855 (La.1983).
The only issue on appeal is the amount of the alleged balance owed by defendant.
Plaintiff and defendant entered into an oral contract in which plaintiff agreed to furnish, transport, install, maintain, and operate a 165 ton and a 140 ton crane. An hourly rate and a minimum daily usage rate were agreed to by the parties.
Plaintiff charged the defendant $143,-016.93 for all work and rentals. Defendant submitted a check for $107,023.68 and questioned those portions of the bill relating to: 1) excessive charges for the transportation and set up of the cranes, 2) labor charges for an inspector who never appeared on the job, 3) specific charges for crane time, and 4) charges for crane mats on a per shift rather than a per day basis.
Plaintiff then filed suit asking for the difference between the amount defendant paid and the total bill. After trial, the trial judge dismissed plaintiff’s suit.
Plaintiff initially argues that the charges covering the “move in-move out”[1] on a “portal to portal” basis[2] were accurately itemized and reasonable.
On this point, the Supreme Court stated: “Despite at least a tacit agreement on a portal-to-portal method, there is no evidence that the parties ever discussed the hourly rates for labor and accessory equipment involved in the transportation and assembly of the cranes. Neither did the periodic invoices by RTL specify the hourly rates and total hours of the laborers and accessory equipment. Accordingly, since the parties did not agree to a specific rate for the various services, they impliedly agreed to reasonable rates for the labor and equipment actually supplied by RTL for the transportation and assembly of the cranes.” (citations omitted) RTL Corporation v. Manufacturer’s Enterprises, Inc., 429 So.2d at 858.
Instead of paying “move in-move out” costs of $22,106.69 for the 165 ton crane and $17,140.72 for the 140 ton crane, defendant tendered $7200.00 for the former and $7080.00 for the latter to cover those charges, double the amounts that would have been charged by others on a fixed fee basis. While we feel that plaintiff’s charges were excessive, defendant has presented no evidence which would indicate a reasonable charge or' the unreasonableness of plaintiff’s charges under a portal to portal contract other than fixed cost estimates and bills indicating that those costs would range from $3540.00 to $4715.00 for *146 a 150 ton crane. However, these are of no use in trying to determine reasonable charges under a portal to portal contract, which usually exceeds the fixed fee costs.
In light of these findings and the statement of the Supreme Court, we are constrained to find that the move in-move out charges were not unreasonable and plaintiff is'awarded the balance of $24,967.41.
Plaintiff next argues that the deduction by defendant for hours which it claims the crane or employees did not work is also in error. We agree.
Plaintiffs records for each day’s work were signed by one of defendant’s employees. The only evidence in defendant’s favor was a daily manpower report, which was unsigned, and the person responsible for its preparation was not called to the stand. The failure to call a witness who possesses knowledge of facts pertinent to the resolution of litigation and whose absence is not satisfactorily explained, results in the presumption that the witness’s testimony would be adverse. Tillman v. Canal Insurance Co., 305 So.2d 602 (La.App. 1st Cir.1974), writ denied, 307 So.2d 630 (La.1975). We find that defendant did not adequately rebut plaintiff’s evidence and plaintiff is entitled to $5498.80.[3]
Plaintiff next argues that it should have been awarded $5015.04 for the cost of an inspector from Atlas Crane Rentals, who rented one crane to plaintiff. While defendant admitted it agreed to pay an inspector, evidence that the inspector never appeared on the job was introduced. Other supervisors on the job had not heard of the inspector and there was no evidence that he signed in on the job. We find that plaintiff is not entitled to this amount.
That last area of dispute, the $514.00 cost of crane mats, was conceded by the plaintiff.
For these reasons, the trial court’s judgment dismissing plaintiff’s claim is reversed on all issues except for charges for the inspector and for crane mats, and plaintiff is awarded $30,466.21. The costs of appeal are to be assessed against the defendant.
REVERSED IN PART AND AFFIRMED IN PART.

. These charges covered the loading, transportation, mantling and dismantling of the cranes.

. Under the portal to portal method, the fee consists of the lessor’s hourly charges for labor and equipment actually used to transport and assemble the cranes. A fixed cost agreement is one in which the parties agree in advance upon a total cost for transportation and assembly.

. Although plaintiff argues that the figure deducted was $2395.00, a review of the evidence shows that the amount deducted for nonperformance of employees or cranes was $5498.80.