457 So.2d 834 (1984)
Wayne HOWARD
v.
HOUSING AUTHORITY OF NEW ORLEANS.
No. 83 CA 1143.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*837 Joel P. Loeffelholz, Jacobs, Loeffelholz & Trestman, New Orleans, for appellant.
Dennis Dannel, Gerdes & Valteau, New Orleans, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This is an appeal from a decision of the State Civil Service Commission (Commission) which affirmed the action of the Housing Authority of New Orleans (HANO) terminating a classified employee.

PROCEDURAL FACTS
By letter dated July 2, 1982, Wayne Howard was terminated effective that date *838 as a carpenter for HANO for the following reasons:
1.Unauthorized absence from your assigned work area.
On Wednesday, June 30, 1982, at about 8:00 a.m. you and Mr. Moll were assigned to work at 1412 Annunciation St. Apt. H. At approximately 2:00 p.m. Mr. Laurent Boutee, Executive Assistant, received a phone call stating that a HANO truck had been parked for some time at 2006 Selma St. Mr. Boutee notified Mr. L. Dupre H.A. Project Manager, Scattered Sites, of the telephone call. Mr. Dupre arrived at the Selma St. address at 2:48 p.m. He was joined by Mr. Louis Marshall, BMS III, and Mr. Anthony Legeaux, BMS I, at 2:52 p.m. Mr. Boutee arrived shortly thereafter.
At 4:20 p.m. you came out of the house at 2006 Selma St. and went to the truck. I asked you what you was [sic] doing and received an unintelligible reply. You returned to the house. Shortly thereafter you and Mr. Moll left the house by the rear exit.
I again asked what they were doing. Mr. Moll replied that they had to get some papers.
When asked about how long they had been there, he replied, `About fifteen minutes.' They then returned to the truck and drove off.
2.Unauthorized used [sic] of a HANO vehicle.
Hano vehicles used by maintenance personnel are for transportation to and from the job site. On completion of a job the vehicle is to be returned to the office while the workers await a new assignment.
3.Falsification of D-253 work reports
On July 1, 1982, when Mr. Louis Marshall was checking work reports he found that you claimed that you worked 8 hours at 1412 Annunciation Street Apt. H.
Your personnel file shows that you were placed on suspension for two days (June 30 to July 1, 1981) `for unauthorized use of HANO's vehicle.' At that time you were warned by your supervisor, Mr. Louis Marshall, that `should this occur again, I shall recommend termination.'
Howard appealed this disciplinary action to the Commission. While the appeal was pending, Howard filed a motion for summary disposition in his favor contending the letter of termination did not set forth the charges with sufficient particularity and the prior disciplinary action could not "now be used as a basis for present disciplinary action."
On November 17, 1982, the appeal was heard before a referee. On February 11, 1983, the referee dismissed the motion for summary disposition and affirmed the disciplinary action. Howard requested a review by the Commission of the referee's decision. On July 22, 1983, the Commission denied the application, and the decision of the referee became the final decision of the Commission. La. Const. of 1974, art. X, § 12(A). This devolutive appeal followed.

FACTS
Laurent Boutee, the Executive Assistant for Office Services of HANO, testified that at 2:15 p.m. on June 30, 1982, he received a phone call through the HANO switchboard from a female person who would not identify herself. This individual told Boutee that a HANO vehicle was parked in front of a house located at 2006 Selma Street in New Orleans and that two HANO employees were in the house. When this communication terminated, Boutee called Lloyd Dupre, the Office Manager of Scattered Sites for HANO, and reported the incident to him. Dupre advised Boutee that the address was that of Wayne Howard. Boutee then reported the incident to a Mr. White, the Administration Director of HANO. White told Boutee to go to the site and find out why the truck was there. Boutee arrived in the 2000 block of Selma Street at approximately 3:00 p.m. Already present at the scene were Dupre, Louis Marshall and Anthony Legeaux. The four men remained together at the scene observing *839 the HANO truck and the house in question until 4:20 p.m. when Johnny Moll and Wayne Howard came out of the house. Marshall then had a discussion with Howard and Moll about the incident.
Louis Marshall testified that he was a Superintendent III in maintenance for HANO and supervised Howard on June 30, 1982. Dupre was Marshall's immediate superior. Marshall got a call from Dupre, and after the call, he got Legeaux and went to 2006 Selma Street. Dupre was already present when Marshall arrived at 2:51 p.m. Boutee arrived shortly thereafter. Howard came out of the house at 4:20 p.m. and went to the HANO truck. Howard was alone at that time. Marshall approached Howard and asked him what was going on and what he was doing there. Howard walked back into the house and came back out three to five minutes later with Moll. On June 30, 1982, Howard was supposed to be working at 1417 Annunciation Street in Apartment H. Moll was the truck driver of the HANO truck on that date. Howard did not tell Marshall that he had asthma. Moll told Marshall that he and Howard came to Howard's house to "get papers". Howard did not work on June 30, 1982, from 2:51 p.m. to 5:00 p.m. A letter from Howard in his personnel file indicates that he tried to contact HANO and advise that he was ill. If an employee is sick on the job, he is to report it to his immediate supervisor. Medical aid is provided by HANO. Howard gave no such notice. Howard had to pass the immediate vicinity of the HANO office to get to his home. Howard submitted a D-253 form to HANO indicating that on June 30, 1982, he worked eight hours at 1417 Annunciation Street on Apartment H. HANO vehicles are to be used "only to travel from job to office and from there back." There is no authority to allow a HANO employee to use a HANO vehicle for any other reason.

SUMMARY DISPOSITION

(Assignment of Error 1)
Howard contends that the referee committed error by not granting his motion for summary disposition. In particular, he contends that the letter of termination did not set forth with the required particularity the charges against him because it made reference to an anonymous phone call and did not name the person making the call. He asserts that the failure to provide this information precluded him from having the adequate means to prepare a defense and deprived him of the opportunity to find out and use in his defense the information surrounding the unknown phone caller.
Rule 13.14 of the Commission's rules provides, in pertinent part, as follows:
13.14 Summary Disposition of Appeal.
(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:
....
6. That the written notice expressing the cause for the action complained against is insufficient; or, that the cause as expressed does not constitute legal ground for the disciplinary action.
Rule 12.3 provides, in pertinent part, as follows:
12.3 Procedure in Removals ... of Permanent Employees.
(a) In every case of removal ... for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action.
....
(c) For purposes of this Rule, `detailed reasons' shall include at least a description of the misconduct for which the disciplinary action is being levied, the date, time and place of such misconduct, the names of persons directly involved in or directly affected by the misconduct ... and such other information as will fully inform the employee of the charge against him and will enable him to prepare a defense.
*840 The purpose of this rule is to apprise the employee in detail of the charges and to limit any subsequent proceedings to the stated reasons. Department of Public Safety, Office of State Police v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981), writ denied, 406 So.2d 626 (La.1981).
The record reflects that the evidence of the anonymous phone call was not used to prove the charges against Howard but was offered to show what caused the HANO officials to commence the investigation. Counsel for HANO made the following observation when the evidence was offered:
MR. DANNEL: This is an exception to the hearsay rulethe conversation he had withwe are not trying to establish that it was a truthful conversation, we are trying to set the scene to show why he did what he did.
The fact of the phone call is admissible for the purpose stated. State v. Tucker, 405 So.2d 506 (La.1981); State v. Cody, 446 So.2d 1278 (La.App. 2nd Cir.1984). Because the phone call was anonymous, obviously HANO did not know the name of the caller. Even if HANO knew the name of the caller, since the fact of the call was not being used to prove the truthfulness of the charges against Howard, it was not necessary for the name of the caller to be placed in the letter of termination. Cf. Coulter v. Department of Health and Human Resources, 421 So.2d 305 (La.App. 1st Cir. 1982).
The letter of termination properly gives descriptions of the alleged misconduct, the date, time and place of the misconduct and the names of the HANO officials who observed and/or discovered the misconduct. The letter of termination is sufficient to comply with the requirements of Rule 12.3.
This assignment of error is patently without merit.

FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM

(Assignment of Error 3)
By letter dated October 7, 1982, counsel for Howard requested that a subpoena duces tecum issue to the maintenance department of HANO for copies of all service request sheets of HANO for June 28, 1982, through June 30, 1982, for copies of all time sheets for all employees of the maintenance department of HANO for June 28, 1982, through June 30, 1982, and for copies of all "breakdown" sheets (DD 253 forms) for the maintenance department of HANO for June 28, 1982, through June 30, 1982. By letter dated October 13, 1982, the referee denied this request because it did not contain a brief statement of what this evidence was intended to prove as required by Civil Service Rule 13.21(d). By letter dated October 15, 1982, counsel for Howard advised the referee that the records requested were needed to show what jobs Howard and other employees in his section were assigned to during that period of time and where in fact they were. By letter dated October 25, 1982, the referee directed HANO to produce the requested records at the appeal hearing to be held on November 17, 1982. At the appeal hearing, HANO failed to produce all of the records requested. Counsel for Howard made the following observations in the record:
MR. LOEFFELHOLTZ: In regard to the other items that were subpoenaed as I understand it, the Housing Authority has failed to produce copies of all service requests sheets for June 28, 1982 through June 30, 1982, but have supplied one service request sheet, period, and that is it, and it's entitled Housing Authority of New Orleans Service Request, Serial Number 590501. I am not satisfied with the return on this and additionally would point out for the record that this service request is a copyI'm sorry, it says duplicate copy, see Number 590676, wherever that iswhich has not been produced here and according to the way that this is done in the maintenance department of the Housing Authority, as I understand it, the service performed is written in and signed by the tenant there is a place for itand the worker who is assigned the task. I have not *841 been furnished the completed service request form that I am really looking for, and also would again point out that this one that has been supplied, Number 590501, merely says duplicate copy, see Number 590676, which has not been produced, and it may be of some value but it certainly is not in response to the Subpoena Duces Tecum whatsoever. It makes it difficult to proceed in this light in terms of defense.
Thereafter, the hearing proceeded to a conclusion.
Howard now contends that the failure of HANO to produce the subpoenaed records creates an inference against it and in favor of him. Howard also maintains that the requested evidence which was not produced would have shown that there was no service request for 1412 Annunciation Street, Apartment H, and that therefore he could not be guilty of falsification of records for work done at that address.
The record reflects that, although counsel for Howard was not satisfied with the return on the subpoena duces tecum and stated that it would be difficult to proceed in terms of the defense, he did not ask for sanctions against HANO, he did not ask for a continuance of the proceedings to secure the records nor did he ask for an instanter subpoena duces tecum. His failure to take any of these actions constituted a waiver of this objection. Cf. State v. Quimby, 419 So.2d 951 (La.1982); State v. Bellows, 442 So.2d 889 (La.App. 3rd Cir.1983), writ denied, 446 So.2d 1222 (La.1984); State v. Sanders, 431 So.2d 833 (La.App. 2nd Cir.1983), writ denied, 439 So.2d 1076 (La.1983). Further, the evidence presented clearly shows that 1417 Annunciation Street, Apartment H, is the correct address in question (rather than 1412 Annunciation Street, Apartment H). The failure of HANO to produce the requested records did not affect Howard's ability to establish this fact. Thus, the failure to produce the records did not prejudice the defense.
This assignment of error is without merit.

FAILURE OF HOWARD TO TESTIFY

(Assignment of Error 5)
In his opinion, the referee made the following rulings:
Throughout the hearing counsel for the appellant noted that the letter of termination mentioned a conversation between appellant and someone else at the Selma Street address at the time of the incident mentioned in the letter of termination. Counsel noted that the letter relating that conversation refers to appellant in the third person and the other party to that conversation in the first person. Counsel notes that Mr. Sidney H. Cates, III, Executive Director, signed the letter of termination but that the testimony of the witnesses at the hearing established that Mr. Cates was not present at the Selma Street address on the date and that the time of the alleged incident, and thus could not have been a party to that conversation. Counsel objected to Mr. Boutee and Mr. Marshall testifying as to communications they had with appellant at the Selma Street address on the date and at the time of the alleged incident as being outside of the scope of the letter of termination. Counsel argued that the letter speaks of a conversation between appellant and Mr. Cates. The Referee reserved ruling on the objections. The Referee wanted to hear if testimony of appellant and/or Mr. Cates would show that referring to one of the parties of the alleged conversation in the first person in the letter of termination was a typographical error. However, neither appellant nor Mr. Cates was called to testify at the hearing. The Referee finds the objection of counsel for appellant to be without merit. The letter mentions that both Mr. Marshall and Mr. Boutee were at the Selma Street address shortly before 3:00 p.m. on the date in question. The Referee finds that they may give testimony relative to conversations they had with appellant at that time.
*842 Howard contends that by stressing the fact that he did not testify, the referee held it against him and ruled against him on the objections. Howard further contends that the burden of proof, by law, was on the appointing authority (HANO) and that any inference against him because he did not testify was improper.
Appeals to the Commission from disciplinary actions are regulated by rules established by the Commission. La. Const. of 1974, art. X, § 10(A); Chapter 13, Civil Service Rules. The rules of the Commission have the effect of law and even prevail over acts of the legislature which may be in conflict with them. La. Const. of 1974, art. X, § 10(A)(4); Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982). Rule 13.19(d) provides as follows:
Where appropriate and not inconsistent with these Rules, the rules of evidence applicable to civil trials in the district courts of the State shall be observed in all hearings before a referee or the Commission.
It is a well-established rule of evidence that failure to call a witness who possesses knowledge of facts pertinent to the case and whose absence is not satisfactorily explained results in an inference that the witness's testimony would be adverse. RTL Corporation v. Manufacturer's Enterprises, Inc., 444 So.2d 144 (La.App. 1st Cir.1983); Pugh, Louisiana Evidence Law, pp 716-718 (1974). Pursuant to Rule 13.19(e), an appellant-employee can be required to give his sworn testimony at an appeal hearing. A review of the record and Howard's brief reflects that at no stage of the proceedings has Howard claimed his privilege against self-incrimination to preclude his appearance as a witness. Certainly, had Howard asserted this constitutional privilege, no adverse inference would result therefrom. In the absence of such a constitutional claim, it would appear that the adverse inference for failure to present an available witness may be applicable. However, we specifically decline to resolve this issue on that basis.
Our review of the referee's ruling indicates that his reference to the fact that neither Howard (the appellant) nor Cates (for HANO) were called to testify was one of regret that available evidence to explain the language of the letter of termination was not presented by either side. It is obvious from the evidence presented at the hearing that Cates was not present at the Selma Street address on the date in question. The first person references in the letter of termination were clearly in error. Nevertheless, the letter of termination complies with Rule 12.3 because it specifically advises Howard of the nature of the disciplinary charges, the date, time and place of each misconduct and the persons who could be called to testify about the misconduct. It should be noted that it is not necessary to list witnesses in the letter of termination unless they are directly involved in or directly affected by the misconduct. Civil Service Rule 12.3; Coulter, 421 So.2d at 306. The referee's rulings were based on his appreciation of the law and the facts and not upon the failure of Howard to testify in his own behalf.
This assignment of error is without merit.

TESTIMONY OF WITNESSES WHO DID NOT SIGN LETTER OF TERMINATION

(Assignment of Error 6)
Howard contends that the referee committed error by allowing the testimony of witnesses (Boutee and Marshall) who did not sign the letter of termination. Howard contends that allowing the testimony of witnesses who did not sign the letter of termination allows an expansion of the facts asserted in the letter of dismissal. He further contends that because the letter of termination indicates that Cates was present at the Selma Street address, when in fact he was not, there is a ground for reversal of the action of the Commission. Howard cites no authority either in the *843 Civil Service Rules or the jurisprudence for these assertions.
As indicated in the previous assignment of error, Rule 12.3 only requires that the employee be advised of the nature of the alleged misconduct, the date, time and place of such misconduct, the names of persons directly involved in or directly affected by the misconduct and such other information as will fully inform the employee of the charge against him and will enable him to prepare a defense. The witnesses who appeared and testified against Howard concerning his misconduct (Boutee and Marshall) were listed in the letter of termination. The fact that they did not sign the letter of termination is irrelevant. Pursuant to Rule 12.3, the letter of termination must be sent by the appointing authority or his authorized agent. Howard does not contest that Cates was an authorized agent of HANO. Rule 12.3 does not require that the letter of termination be signed by witnesses.
The fact that Cates did not have personal knowledge of Howard's misconduct is not pertinent. The fact that the letter of termination erroneously indicates that Cates was present at the Selma Street address is not prejudicial to Howard. The remaining portion of the alleged misconduct is properly stated in accordance with Rule 12.3.
This assignment of error is without merit.

SUFFICIENCY OF EVIDENCE

(Assignments of Error 4, 7 and 8)
In his opinion, the referee found the following facts:
1. On June 30, 1982, appellant and Johnny Moll were supposed to be working at 1417 Annunciation Street, Apt. H. They were assigned a Housing Authority of New Orleans vehicle. Mr. Moll was the driver of the vehicle. Appellant turned in a work sheet indicating that he had worked eight hours at that address.
2. Appellant's letter of appeal states that Mr. Moll drove him home to get his medication. While appellant did not drive the vehicle, he participated in its use.
3. The Housing Authority of New Orleans vehicle was parked outside of appellant's home on Selma Street from approximately 3:00 p.m. to 4:20 p.m. Appellant was supposed to be on the job at this time. Appellant came out of his house at approximately 4:20 p.m. He spoke with Mr. Louis Marshall at that time.
4. Appellant had not requested any leave time for any part of the work day on June 30, 1982.
5. Appellant had been previously suspended for two days for unauthorized use of a Housing Authority of New Orleans vehicle. He was warned at the time of the suspension that reoccurrence of this activity would result in termination.
No person who has gained permanent status in the classified service shall be subjected to disciplinary action except for cause expressed in writing. La. Const. of 1974, art. X, § 8(A). Legal cause for disciplinary action exists when the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. In re Appeal of Kennedy, 442 So.2d 566 (La.App. 1st Cir. 1983). The burden of proof on appeal in a disciplinary action, as to the facts, is on the appointing authority (HANO). The charges must be proven by a preponderance of the evidence, which means evidence of a greater weight or more convincing than that offered in opposition to it. Jones v. Dept. of Health & Human Resources, 430 So.2d 1203 (La.App. 1st Cir.1983). The final decision of the Commission is subject to review by this court on any question of law or fact. La. Const. of 1974, art. X, § 12(A). Where the referee (or the Commission) heard the testimony of the witnesses and observed their appearance and demeanor, the standard of appellate review of facts used by this court is the same *844 standard used in reviewing decisions from the district courts; the factual determinations of the Commission will not be set aside unless they are shown to be manifestly erroneous (clearly wrong). Thomas v. Department of Corrections, Office of Probation and Parole, 442 So.2d 554 (La.App. 1st Cir.1983).[1]
Howard contends that he got sick on the job on June 30, 1982, and went to his home to get medicine for his asthma condition. The record contains a letter dated July 1, 1982, from Howard to M.D. Walsh of HANO stating such facts. However, at the appeal hearing no competent evidence was offered to establish these allegations. The only competent evidence of record is the testimony of Marshall, over objection by HANO, that he reviewed Howard's personnel file and there was a letter in it showing that Howard tried to call the HANO office on June 30, 1982. Even if such evidence is admissible, it is only admissible to show the fact that such a letter was sent and cannot be used to prove the truth of the contents of the letter.
Howard contends that since he was paid for his eight hours work on June 30, 1982, on approval of HANO (through Marshall), he cannot now be held responsible for falsification of the D-253 work report showing such work. Marshall specifically testified that he only authorized payment of this claim because at that point in time no decision had been made on the charges against Howard. Under these circumstances, the payment of the claim did not constitute a waiver by HANO of its right to assert the falsification of the record upon which the claim was made.
Howard contends that, since he was not the driver of the HANO vehicle on June 30, 1982, he cannot be responsible for its unauthorized use. The evidence adduced shows that the vehicle was assigned to Moll and that Howard and Moll were assigned with the vehicle to do work for HANO. The evidence shows that Moll and Howard were not at their designated place of work but were found together with the vehicle at Howard's home. From these facts, it can be reasonably inferred that Howard aided and abetted Moll in the unauthorized use of the HANO vehicle to go to Howard's home.
Howard contends that, since he was charged in the letter of termination with being absent from his designated place of work at 1412 Annunciation, Apartment H, and for falsification of a work report showing that he worked eight hours at 1412 Annunciation, Apartment H, on June 30, 1982, HANO was bound by the allegations of the letter and could not properly introduce evidence to show that the correct address of his designated place of work was 1417 Annunciation, Apartment H. Howard further argues that since it was only proven that he was at 1417 Annunciation and that the work report was for that same address he cannot be found responsible for not being at 1412 Annunciation or for submitting a false report for 1412 Annunciation. The essence of the charge of unauthorized absence from the assigned work area is that Howard was at his home at 2006 Selma Street when he should have been at a designated work place. Once it was established by HANO that Howard was found at home during working hours and was not doing work for HANO, proof of the charge was established. The fact that HANO made a minor error in designating the assigned work area is not prejudicial to Howard. Whether he was supposed to work at 1412 or 1417 Annunciation is not determinative because he obviously was not at either. This same reasoning applies to the falsification of *845 records charge. The essence of the charge is that Howard claimed that he did eight hours of work on June 30, 1982, when he did not. Because he was observed at his home from 2:51 p.m. until almost 5:00 p.m. on June 30, 1982, it is obvious that he was not working at either 1412 or 1417 Annunciation. Again, this minor error in designating the work place was not prejudicial to Howard.
The factual findings of the referee are supported by the evidence of record. Howard absented himself from his assigned place of work, participated in the unauthorized use of a HANO vehicle (after having been disciplined for the same thing) and falsified his work record to secure payment for work not performed. These factual findings establish legal cause for disciplinary action. Cf. Venezia v. Department of Inspections and Code Enforcement, 433 So.2d 788 (La.App. 5th Cir.1983), writ denied, 441 So.2d 213 (La.1983).
For the foregoing reasons, these assignments of error are without merit.

EXCESSIVENESS OF PUNISHMENT

(Assignments of Error 2 and 8)
Howard contends that the use of his prior suspension in 1981 was improper because the letter of suspension does not reflect that he was advised of his right to appeal as required by Civil Service Rules, that he was entitled to a summary disposition because the prior suspension was improperly put in the letter of termination, that because the prior suspension was illegal it should not have been used in determining his punishment and that the punishment imposed upon him was too severe.
Evidence of prior infractions coupled with the instant offense may evidence either an employee's unreliability or his indifference to the requirements of his job. Repeated infractions by an employee may justify dismissal. McGee v. Sewerage and Water Board of New Orleans, 396 So.2d 430 (La.App. 4th Cir.1981); Albert v. Louisiana State Penitentiary, 396 So.2d 340 (La.App. 1st Cir.1981). Evidence of prior suspensions, reprimands or poor service ratings may be included in a letter of dismissal because they are relevant to the ultimate question of whether or not the employee was dismissed for cause, or they may be considered in determining an appropriate punishment. Stiles v. Department of Public Safety, Drivers' License Division, 361 So.2d 267 (La.App. 1st Cir.1978). The prior suspension in the instant case was relevant on the merits to show that Howard had direct personal knowledge of what constituted unauthorized use of a HANO vehicle and was relevant to the issue of the appropriate punishment.
Rule 12.2(a) provides, in pertinent part, as follows:
For each permanent employee so suspended, the notice containing the detailed reasons for the suspension shall contain the notification of the right to appeal required by Rule 12.3(a)2 below.
Rule 12.3(a)(2) provides as follows:
In such cases, the appointing authority or his duly authorized agent shall, commencing January 1, 1978, include in the written notice the following provision: `You may appeal this action to the Civil Service Commission within 30 days. The appeal must conform to the provisions of Chapter 13 of the Civil Service Rules.'
The suspension letter of June 25, 1981, does not contain the notice of right to appeal required by the above rules. Howard cites no authority to us, and we are aware of none, which authorizes him to collaterally attack this prior disciplinary action in these proceedings. In the absence of such authority, we hold that he may not do so. The prior suspension was properly listed in the letter of termination, could have been properly considered on the charge of unauthorized use of a HANO vehicle and was properly considered in assessing an appropriate penalty.
The Commission has much discretion in determining the appropriate disciplinary action when legal cause for such has been established. The decision of the Commission assessing a disciplinary penalty *846 is a question of law and fact and is subject to review by this court. La. Const. of 1974, art. X, § 12(A). Except where it is in conflict with the Constitution or Civil Service Rules, the Louisiana Administrative Procedure Act is applicable to proceedings of the Commission. La.R.S. 49:967; Smith v. Department of Health and Human Resources, 416 So.2d at 96. In most administrative proceedings, there is a right to appellate review from the appointing authority to the district court. La.R.S. 49:964. However, appeals from the Commission bypass the district court and come directly to this court. La. Const. of 1974, art. X, § 12(A). La.R.S. 49:964(G) defines the standards for appellate review by the district court when an appeal comes from an agency to it. Similar provisions have not been made in the Administrative Procedure Act for appeals to a court of appeal. La.R.S. 49:965. By analogy, the same standard of appellate review should be applicable. Accordingly, we hold that in judging the Commission's exercise of its discretion in determining an appropriate punishment, this court shall not modify or reverse the Commission's judgment unless it is arbitrary, capricious or characterized by abuse of discretion. Cf. La.R.S. 49:964(G)(5); Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La. 1984); Newman v. Department of Fire, 425 So.2d 753 (La.1983); R. Force and L. Griffith, The Louisiana Administrative Procedure Act, 42 La.L.Rev. 1227, 1284-5 (1982). After reviewing the record, pursuant to this standard, we find that the Commission's assessment of punishment was not arbitrary, capricious or an abuse of discretion.
These assignments of error are without merit.

DECREE
For the foregoing reasons, the rulings of the Commission are affirmed at the appellant's costs.
AFFIRMED.
NOTES
[1] When the Commission (or the referee) only reviews transcripts or listens to taped testimony, its ability to assess the weight of the evidence is no different from that of an appellate court. In such a situation, a less restrictive standard of appellate review of facts is applicable, and we must determine only the sufficiency and the preponderance of the evidence. Carbonell v. Department of Health and Human Resources, 444 So.2d 151 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1063 (La.1984); cf. La.R.S. 44:964(G)(6); R. Force and L. Griffith, The Louisiana Administrative Procedure Act, 42 La.L. Rev. 1227, 1287 (1982).