ALFORD, Judge.
The plaintiff, Jane Juneau, appeals a decision of the Civil Service Commission (Commission) affirming her termination *757 from her position as a Licensed Practical Nurse III.
Plaintiff was employed by the Louisiana Board of Elementary and Secondary Education (BESE) at the Louisiana Special Education Center (Center), a facility charged with the responsibility of caring for ortho-pedically handicapped persons, including children. On November 6, 1984, plaintiff was orally suspended by the Center’s executive coordinator, Carl Rachal. She then received a letter dated November 19, 1984, from Aline R. Cicardo, the Center’s superintendent, suspending plaintiff for ninety days, beginning November 6,1984, pending an investigation of her entire work performance record. The letter indicated the following reasons for suspension:
On Tuesday, November 6, 1984, you reported to Mrs. Alice Banes, R.N. that you and an aide had held Client Case #269 in the bath tub and sprayed her two times with cold water, because she was acting up. You also reported to Mrs. Banes that Client Case #269 was screaming, hollering, and crying, because she could not get away.
On December 12, 1984, plaintiff appealed her suspension to the Commission.
Shortly thereafter, plaintiff was notified by letter dated December 19, 1984, from James V. Soileau, BESE Executive Director, that she was being terminated from her position effective December 30, 1984. The notice of termination stated, in pertinent part:
On June 9, 1983, you were verbally counseled by Glenda Juneau, Director of Nursing, for failing to administer the correct dosage of medication to Client Case # 257....
On July 18, 1983, you were given an Employee Counseling Form by Glenda Juneau, Director of Nursing, for failing to check Client Case # 322’s drug allergies before administering 250 mg of Am-picillin....
******
On January 25, 1984, you again received an Employee Counseling Form for administering to Client Case #223 the incorrect dosage of medication for three consecutive days, January 18, 19, and 20, 1984. You failed to read the prescription label and check dosage before administering the medication. You failed to administer medication as ordered by the Physician and according to the Nursing Policy and Procedure Manual (Copy of Physician’s Orders and Nursing Policy and Procedure attached).
On November 6, 1984, you reported to Mrs. Alice Banes, R.N. II, that you and an Aide had held Client Case # 269 in the bath tub and sprayed her in the face two times with cold water, because she was acting up. You also reported to Mrs. Banes that Client Case # 269 was screaming and hollering because she could not get away.
On January 15, 1985, plaintiff appealed her dismissal to the Commission.
Plaintiff’s suspension and termination appeals were consolidated for hearing before a referee on April 18 and 19,1985. On July 29, 1985, the referee rendered a decision voiding plaintiff’s oral suspension, validating her written suspension as effective on November 19, 1984, and upholding her dismissal. Both the plaintiff and BESE filed applications with the Commission for review of the referee’s decision which were denied. Plaintiff appeals the Commission’s decision [1]; BESE does not.
Plaintiff contends that the Commission erred in finding she had received detailed reasons for her termination in accordance with Civil Service Rule 12.3(c). Rule 12.3 requires that the employee be furnished written notice of termination that gives detailed reasons for such action. Part (c) states that:
*758 For purposes of this Rule, “detailed reasons” shall include at least a description of the misconduct for which the disciplinary action is being levied, the date, time and place of such misconduct, the names of persons directly involved in or directly affected by the misconduct (unless their identities are protected by state or federal statute or regulation, in which case, identification shall be made as permitted by such statute or regulation) and such other information as will fully inform the employee of the charge against him and will enable him to prepare a defense.
As stated in Howard v. Housing Authority of New Orleans, 457 So.2d 834, 840 (La.App. 1st Cir.1984), the purpose of rules on written notice “is to apprise the employee in detail of the charges and to limit any subsequent proceedings to the stated reasons.”
A review of the record shows that the referee refused to accept evidence on the merits relative to the June 9 and July 18, 1983, counseling incidents since the employee was counseled on those dates in regard to prior occurrences which were not set out with sufficient specificity. However, the referee noted that the counseling of the plaintiff on those dates could be used to support the severity of the action taken. See Howard, 457 So.2d at 845. The record also clearly indicates that the letter of termination described two alleged acts of misconduct, including the dates, places and persons involved, with sufficient details to provide plaintiff with adequate notice to satisfy due process as to these two charges.
Plaintiff claims that the judgment does not conform to the charges. Specifically, plaintiff alleges the Commission erred in finding that plaintiff administered aversive stimuli, a cold shower, to a client when the plaintiff was charged with spraying the client in the face with cold water. We find no merit to this allegation. The letter of termination sets out the correct date, client, place and incident. Clearly, spraying in the face encompasses the term “shower” which is defined in Webster’s Third New International Dictionary (1981) as “to wet with ... water spray.”
Plaintiff also contends that the Commission erred in its factual findings relative to the November 6, 1984, incident. After hearing extensive testimony by the plaintiff, her supervisors, the client affected by the incident, the plaintiffs co-workers and others, the referee found that the plaintiff failed to contact certain supervisory personnel, as she had been instructed, relative to a client’s disruptive behavior, and administered, without authorization, a cold shower to the disruptive client to calm the client. Where the referee has heard the testimony of the witnesses and observed their appearance and demeanor, the factual determinations of the referee will not be set aside unless they are shown to be clearly wrong. Howard, 457 So.2d at 843-844. The record shows that the client, an orthopedically handicapped twelve-year-old, engaged in disruptive behavior between 3:30 and 4:30 p.m. on November 6, 1984, by throwing shoes and attempting to bite one of the Center’s employees. An aide, Linda Laprairie, sought plaintiff’s help with the child and suggested that plaintiff “call someone” because of the child’s behavior. Without consulting anyone, plaintiff and the aide took the child, who was screaming at the time, to the bathroom. The child was placed in the bathtub and given a cool or cold shower to calm her. After about fifteen minutes, the child was redressed and returned to the room from which she had been removed. Alice Banes, a registered nurse at the Center, stated that shortly after the incident, the plaintiff told her that the plaintiff and an aide had held the child in the bathtub and sprayed her with cold water “because she was acting up.” Ms. Banes also noticed that the child’s eyes were red and she appeared to have been crying. The child testified that she strongly objected to the shower. The record also indicates that the plaintiff had been advised at a ward meeting on September 26, 1984, that a disruptive client was to be removed to an observation room and the behavior was to be ignored unless the client was damaging property and causing injury. To prevent *759 injury or property damage, the employee was to seat the client between the employee’s knees and to hold the client’s shoulders until the client calmed down. Moreover, because the Center had been having trouble with the child involved in the instant case, the plaintiff had been specifically advised by Rebecca Harrell, a registered nurse who was the assistant director of nurses, to call Dr. Cicardo or Mr. Rachal if the child became disruptive. Thus, the referee’s factual findings relative to the November 6, 1984, incident are not clearly wrong and will not be disturbed.
Disciplinary action against a permanent classified civil service employee must be based on legal cause, that is, conduct which is prejudicial to the public service in which the employee in question is engaged, or detrimental to its efficient operation. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984). The Commission has the duty to decide whether the appointing authority had good or lawful cause for taking disciplinary action, and if so, whether the punishment imposed is commensurate with the dereliction. Walters, 454 So.2d at 113. The supreme court in Walters stated:
In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.
454 So.2d at 114.
In the instant case, the referee found that the shower given to the client was “aversive stimuli.” Aversive stimuli is defined, in 42 C.F.R. 442.441, as things or events that the resident finds unpleasant or painful and that are used to immediately discourage undesired behavior. Such stimuli can be used to modify behavior only if reviewed and approved by the Center’s human rights committee and if consented to by the client’s parents or legal guardian. Dr. L.J. Credeur, the Center’s medical director consultant, testified that hydrotherapy such as a cool or cold shower given to a client for a purpose other than “cleanliness and as part of the bathing and cleanliness routine” is aversive stimuli. Dr. Credeur also indicated that no treatment plans including the use of aversive hydrotherapy such as showers had been presented to or approved by the Center’s human rights committee. The referee concluded that:
[Ajppellant chose to disregard the instructions and to institute an independent and unsanctioned program of behavior modification_ Such conduct cannot be condoned as it affects the efficient operation of the service provided by the facility to orthopedically handicapped children, jeopardizes federal funding, undermines the authority of the administration of the facility and can only be considered as physical and mental abuse of the client.
A review of the record indicates that the referee did not act arbitrarily and capriciously in determining that there was legal cause for dismissing the plaintiff. Additionally, the record shows that the referee considered the two counseling incidents and the documented charge of administering incorrect dosages of a prescribed medication to another client in determining the severity of the punishment only.
For the foregoing reasons, we affirm the Commission’s decision denying plaintiff’s appeal of her dismissal. Costs of this appeal are to be borne by the plaintiff.
AFFIRMED.

. Plaintiff's suspension and termination appeals were consolidated before this court. However, only errors in regard to her dismissal were briefed, therefore, the appeal of her suspension is deemed abandoned and will not be considered by this court. Uniform Rules — Court of Appeal, Rules 1-3 and 2-12.4; Vining v. Bardwell, 482 So.2d 685 (La.App. 1st Cir.1985); writ denied, 487 So.2d 439 (La.1986).