365 So.2d 37 (1978)
LOUISIANA NATIONAL BANK OF BATON ROUGE
v.
Errol J. HEINDEL.
No. 9557.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Camp, Carmouche, Palmer, Barsh & Hunter, David B. Spencer, Metairie, for plaintiff-appellant.
*38 Jacob L. Karno, Metairie, Robert A. Caplan, New Orleans, for defendant-appellee.
Before LEMMON, STOULIG and SCHOTT, JJ.
STOULIG, Judge.
Plaintiff, Louisiana National Bank of Baton Rouge, filed suit for an unpaid Bank-Americard account claiming defendant, Errol J. Heindel, owed $357.53, together with $21.48 interest, plus 25% attorney fees on both the principal and interest. After suit was filed (July 20, 1977) but before service of citation on defendant (August 7, 1977), a check for $379.01, drawn on "Jacob L. Karno-A Professional Law Corporation Trust Account", was received and negotiated by one of plaintiff's agents. On its face the maker wrote "Payment in full on Errol J. Heindel # 4623 805 000 309". Arguing the issuance and depositing of this check constituted an accord and satisfaction which estopped plaintiff from claiming further on this account, defendant pleaded the exception of res judicata which the trial court maintained. Plaintiff has appealed.
Accord and satisfaction is one of the modes by which an obligation is extinguished, thus it is one of the affirmative defenses to a claim that must be specially pleaded. (C.C.P. art. 1005.) The objective of C.C.P. art. 1005 in requiring that the answer set forth affirmative defenses is to preclude opposing counsel from being taken by surprise at the time of trial and to afford him an opportunity to meet the issues raised by the special defense. However, it does not mean that affirmative defenses may only be raised by way of an answer. In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir. 1967), the court concluded that in some instances an affirmative defense can also serve as the basis of the peremptory exception of res judicata.
Usually res judicata is based on a final judgment. C.C. art. 2286 states: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. * * *" (Emphasis ours.) C.C. art. 3078 extends the effect of res judicata to "transactions * * * between the interested parties * * *."[1]
If in this case the parties agreed to compromise their differences, the exception of res judicata is valid. The negotiated check then must satisfy the requirements of C.C. art. 3071, which defines a compromise thus:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
"This contract must be reduced into writing."
The issue here is whether the parties did "* * * adjust their differences by mutual consent * * *", as evidenced by the negotiated check, and whether that written instrument is a valid compromise that creates an estoppel based on accord and satisfaction.
For accord and satisfaction to occur, a debtor must tender payment to a creditor in full satisfaction of a disputed claim, and the creditor in turn must accept the tender. Pontchartrain Park Homes v. Sewerage & Water Bd., 168 So.2d 595 (La. 1964); Berger v. Quintero, 170 La. 37, 127 So. 356 (1930). As in any other contract, acceptance of the offer must be an informed consent. Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir. 1975). Whether the creditor was fully informed of the nature of the compromise offered by the tender must be determined by the circumstances. In the Charles *39 X. Miller case we pointed out that a check with a restrictive endorsement deposited in the ordinary course of business cannot serve as the basis of a plea of estoppel by accord and satisfaction if the creditor should not reasonably have become aware of the restriction. The offer of compromise must be explicit.
The pleadings and exhibit before us fail to establish that an offer of compromise in the form of a restrictively endorsed check was accepted by a creditor fully informed of the import of its tender. We note defendant, before being served with a copy of the petition, retained counsel to defend this claim. The record fails to reflect to whom tender of the check was made, whether to the attorney of record or the bank directly (in all probability the latter). Nor does the record contain a letter of transmittal by the attorney to the bank or its attorney explaining the nature of the tender, if one was written. While it appears the defense of accord and satisfaction would not lie, it is possible these questions could be answered by evidence adduced at a trial on the merits.
Suffice it to say the record in this matter is insufficient to sustain the affirmative defense of accord and satisfaction by the peremptory exception of res judicata. The doctrine of res judicata is stricti juris; in case its applicability is in doubt it will not be applied. Eugene v. Ventress, 253 La. 840, 220 So.2d 94 (1969); Tucker v. New Orleans Laundries, Inc., 238 La. 207, 114 So.2d 866 (1959); Hancock v. Lincoln American Life Insurance Co., cited supra.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded for further proceedings consistent with the views herein expressed. All costs are to await the final disposition of this matter.
REVERSED AND REMANDED.
LEMMON, J., concurs with written reasons.
LEMMON, Judge, concurs and assigns reasons.
Although Civil Code has specific provisions governing compromises, the common law concept of accord and satisfaction has crept into Louisiana cases over the years. However, it is unnecessary to use this doctrine to decide cases governed by specific codal provisions.
Compromise is a contract. C.C. art. 3071. To prove a compromise as the basis for an exception of res judicata, the party urging the exception has the burden of proving that the parties intended to enter into a contract of compromise and mutually consented to adjust their differences and put an end to their dispute. This burden is not met by showing that a debtor, in the ordinary course of business and without additional contact or notice, simply mailed a check to a creditor with a barely noticeable inscription regarding payment in full.
NOTES
[1] The court in Hancock v. Lincoln American Life Insurance Co., 278 So.2d 561, 563 (La.App. 1st Cir. 1973), stated:

"It is well settled that litigants may put an end to a lawsuit by adjusting their differences by mutual consent evidenced through a written transaction or compromise. LSA-C.C. art. 3071. Such a transaction or compromise has, between the contracting parties, a force equal to the authority of things adjudged. LSA-C.C. art. 3078 * * *."