393 So.2d 341 (1980)
AMITE COUNTY CO-OPERATIVE
v.
Wallace E. HECK.
No. 13772.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Robert W. Stratton, Baker, for plaintiffappellant, Amite County Co-Op.
William R. Aaron, Baton Rouge, for defendant-appellee, Wallace E. Heck.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action upon an open account for the balance alleged to be due on that account, $6,368.78, and interest from December 30, 1977. After plaintiff had presented his case, defendant moved for dismissal of plaintiff's suit, and the motion to dismiss was granted. We affirm the dismissal.
Amite County Co-operative, plaintiff, agreed to plant certain land belonging to defendant, Wallace E. Heck, with rye grass. The grass was planted, but a dispute arose *342 between plaintiff and defendant with regard to whether or not the seed had come up properly. Charles Coker, manager of the Feliciana Farmers' Co-op in Clinton, Louisiana, a branch of plaintiff co-operative, was told that the planting was unsatisfactory, and was given a check for half the balance of the account because defendant said only half the grass had germinated properly. The check was in the sum of $8,992.06. Written on the check was the statement "Endorsement hereon constitutes payment in full through Dec. 12, 1977 statement". Mr. Heck told Coker that the check was in his mind a settlement of anything owed as of that date. The check was negotiated after Coker's conversation with a supervisor (who alone had authority to authorize a settlement), and stamped "For Deposit Only, Feliciana Farmer's Co-op (AAL)".
Defendant contends plaintiff's acceptance and negotiation of the check constituted accord and satisfaction. Accord and satisfaction is an Anglo-American legal concept that has been adopted by the Louisiana jurisprudence. There are three elements to accord and satisfaction: (1) an unliquidated or disputed claim, (2) a tender of the debtor, and (3) an acceptance by the creditor. See Linda Mercantile Corp. v. Bowers, 230 So.2d 302 (La.App. 1st Cir. 1970), writ refused 255 La. 810, 233 So.2d 250 (1970). The facts are clear that the debtor, Heck, made a tender of the check in the sum of $8,992.06, and plaintiff creditor accepted and deposited the check. The record shows that both the written statement on the check and Heck's own verbal statement made to Coker when he tendered Coker the check indicated that the check was given in full settlement of the account. Coker's own testimony indicates that there was a dispute as to whether or not the rye grass had come up properly. There is nothing that would indicate that Heck was in bad faith or unreasonable in taking the position that the grass had not come up properly, as Coker himself testified that the grass had not come up properly, but would do so in time. Coker may have been right that the rye grass seed would all have germinated properly, given time, but certainly a valid, reasonable and bona fide dispute existed as to whether or not that was the case. Hence, all of the elements of accord and satisfaction were present, and the suit was properly dismissed.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.