PONDER, Judge.
Plaintiff appealed the dismissal of its suit for the alleged balance on the rental of two cranes.
The issues raised by plaintiff are accord and satisfaction, the terms of the contract, the accuracy of plaintiff’s invoices, and the validity of plaintiff’s charges.
We affirm.
*413 Plaintiff, RTL Corporation (RTL), and defendant, Manufacturer’s Enterprises, Inc. (MEI), entered into a verbal contract by which plaintiff agreed to furnish, maintain and operate a 165 ton and a 140 ton crane, to provide the necessary equipment, trucks, material and labor necessary to transport, install and properly rig the cranes for operation on the job site and to return the cranes to plaintiff’s yard at the end of the job.
Plaintiff billed the defendant for $143,-016.93. Defendant’s general manager, Mr. Cook, questioned those portions of the bill relating to 1) specific charges for crane time; 2) charges for crane mats on a per shift basis rather than a per day basis; 3) labor charges for a maintenance man that never appeared on the job and 4) excessive charges for the “move-in and move-out” of the cranes.
After several meetings and telephone conversations, the president of MEI sent RTL a check for $107,023.68 with a notation on the check stub that the amount constituted payment in full. RTL changed the notation on the stub to “partial payment” and cashed the check.
To the lawsuit ultimately filed, the defendant answered alleging the affirmative defenses of payment and accord and satisfaction and denial on the merits. The trial court dismissed plaintiff’s suit without assigned reasons.
Plaintiff argues that accord and satisfaction or compromise does not bar its claim. The three elements of accord and satisfaction are: (1) an unliquidated or disputed claim, (2) a tender by the debtor, and (3) an acceptance by the creditor. Amite County Co-operative v. Heck, 393 So.2d 341 (La.App. 1st Cir. 1980).
Prior to the issuance of the check, MEI had sent plaintiff a letter outlining the areas of dispute and the parties had discussed them. The record clearly indicates that a dispute existed as to the amount owed.
The stub portion of MEI’s check was marked “Payment in full for crane rentals on CF Industries turn around Job # 1199.” Although there was no cover letter, the statement on the check makes it clear that defendant intended the check to compensate in full the amount owed the plaintiff. Plaintiff’s action in telephoning the defendant and in changing the words “payment in full” to “partial payment” support the finding that plaintiff understood this intent.
The acceptance by the creditor must be an informed consent. Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir. 1975). Thus the creditor must have knowledge of the dispute and must be aware that the tender was made in full payment. Unilateral action of the creditor in changing the provision denoting full payment does not change the legal import of its acceptance by the payee as an acknowledgement of payment in full. Eppling v. Jon-T Chemicals, Inc., 363 So.2d 1263 (4th Cir. 1978).[1]
*414 The president and the secretary-treasurer of RTL, both testified that upon receiving the check they called Mr. Cook and he told them they could make the change on the check stub to “partial payment.” Mr. Cook admits they told him they would accept the check as partial payment, but denies agreeing to such acceptance or consenting to the change. Mr. Cook further testified that he did not have the authority to consent to the change without the approval of the president of MEI.
A finding that MEI did not consent to acceptance of their check as partial payment depends upon the evaluation of conflicting testimony. We do not find error justifying a reversal.
The meetings following the acceptance of the check do not defeat the defense of accord and satisfaction. Mr. Cook testified that he was trying to maintain harmony between the two businesses and to attempt to have plaintiff understand the areas of overcharges. There was no evidence that MEI ever consented to pay any amount above their original payment.
Since we find that the defense of accord and satisfaction applies, it is unnecessary to consider plaintiff’s other arguments.
For these reasons, the trial court’s judgment is affirmed at plaintiff’s cost.
AFFIRMED.

. The rationale of accord and satisfaction is explained in Linda Mercantile Corporation v. Bowers, 230 So.2d 302 (La.App. 1st Cir. 1969), writ denied 255 La. 810, 233 So.2d 250 (1970) quoting from Corbin on Contracts, § 1279 at page 1046:
“Where the amount due is in dispute, and the debtor send cash or check for less than the amount claimed, clearly expressing his intention that it is sent as a settlement in full, and not on account or in part payment, the retention and use of the money or the cashing of the check is almost always held to be an acceptance of the offer operating as full satisfaction, even though the creditor may assert or send word to the debtor that the sum is received only in part payment. The creditor’s action in such case is quite inconsistent with his words. It may, indeed, be clear that he does not in fact assent to the offer made by the debtor, so that there is no actual ‘meeting of the minds.’ * * * * The court is in these cases faced with the alternative between holding that the creditor is a wrongdoer in cashing the check or using the money, and holding that his conduct is operative as an acceptance and is therefore not wrongful. The latter holding is a short cut to complete justice, protects the debtor against injury, and prevents unnecessary litigation. It is true that the creditor may bring suit for the balance claimed; but he loses his case and is taxed with the costs. If the contrary rule were adopted, the creditor would get judgment for such balance as he can prove; and *414 the debtor would have to support a counter action, or a counterclaim in the same action, for damages for the creditor’s wrongful retention of the money or check. It has seemed to the courts more beneficial to hold that the creditor’s action speaks louder than his words and is operative as an acceptance of the offer as made.”