CRAIN, Judge.
This appeal is from a judgment of the trial court which sustained defendant’s exception of res judicata. Plaintiff appealed.
This matter arises out of an automobile accident between a car and a truck in Pointe Coupee Parish on September 12, 1981. The plaintiff, Fred B. Harrington, was driving an automobile owned by his employer, Global Fluids, when it was involved in a collision with a pick-up truck owned by defendant, Reading and Bates, and insured by the defendant, Aetna Life and Casualty Company (Aetna). Plaintiff claimed damages from personal injuries received in the accident.
Ms. Doris Boudreaux, claims adjuster for the defendant, handled the plaintiff’s claim by contacting him on the telephone. At the trial Ms. Boudreaux testified that from her telephone conversations with the plaintiff he understood that the claim would be settled for $384.25, which included $184.25 for medical and $200.00 for his injuries. Ms. Boudreaux’s testimony is unrebutted since plaintiff did not take the stand on his own behalf.
On September 30,1981, Aetna sent plaintiff a check in the amount of $384.25. On the front of the check a representative for Aetna wrote in block letters “CLAIM SETTLEMENT”. Plaintiff endorsed the check on the reverse side and beneath the endorsement wrote “NOT A RELEASE OF ANY CLAIMS”. He then deposited the check in his bank.
On June 14, 1982, plaintiff filed suit against Aetna seeking damages for his personal injuries. Thereafter, the defendant filed an answer and also a peremptory exception of res judicata contending the matter had been settled.
The exception of res judicata was set down for hearing for November 12, 1982. The only evidence produced was the cheek and the testimony of Aetna’s claims adjuster who had caused the check to be sent to the plaintiff.
Based on this evidence the trial court rendered judgment on November 19, 1982, sustaining the peremptory exception of res judicata, dismissing plaintiff’s claim at his costs. Plaintiff claims on appeal that this was error. We affirm.
The common law doctrine of accord and satisfaction has no statutory basis in Louisiana law but is a jurisprudentially recognized method by which an obligation can be extinguished. McClelland v. Security Industrial Insurance Company, 426 So.2d 665 (La.App. 1st Cir.1982), writ denied, 430 So.2d 94 (La.1983). The defense of accord and satisfaction is properly raised by the peremptory exception of res judicata. Louisiana National Bank of Baton Rouge v. Heindel, 365 So.2d 37 (La.App. 4th Cir.1978).
The essential elements to maintain the defense of accord and satisfaction are: (1) a disputed claim between debtor and creditor; (2) the debtor having tendered a check for less than the sum claimed by the creditor; and (3) the creditor having accepted the tender by negotiating the check. Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir.1975).
An accord and satisfaction is not present when there is no evidence that the creditor was fully informed of the nature of the compromise offer by the debtor. Adams v. Sconza, 380 So.2d 679 (La.App. 4th *1257 Cir.1980) and Louisiana National Bank of Baton Rouge v. Heindel, 365 So.2d at 39.
However, where the debtor both tenders the cheek with a written notation along with an oral statement to the creditor indicating it is in full settlement of all claims, an accord and satisfaction is present. Amite County Co-Operative v. Heck, 393 So.2d 341 (La.App. 1st Cir.1980). The unilateral action by the creditor in altering an endorsement from payment in full to partial payment and negotiating the altered instrument will not change the legal import of its acceptance by the creditor as an acknowledgment of payment in full satisfaction of the obligation. Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d at 452.
As pointed out in Berger v. Quintero, 170 La. 37, 127 So. 356 (1930);
If plaintiff was not satisfied with the settlement tendered, he should not have retained the check, and caused it to be certified by the bank upon which it was drawn, but should have returned it, in the absence of a waiver of the condition attached to the remittance. By retaining the check, and causing it to be certified, he is now precluded from rejecting it, and suing defendant upon the entire claim.
The telephone conversation between plaintiff and Ms. Boudreaux combined with the notation made by plaintiff on the reverse side of the cheek gave the trial judge sufficient evidence to conclude that plaintiff understood that the check was tendered to him in full and final settlement of his personal injury claim.
For the foregoing reasons we affirm the judgment of the trial court. All costs of this appeal are to be paid by the appellant.
AFFIRMED.