535 So.2d 1321 (1988)
REILY ELECTRICAL SUPPLY, INC.
v.
Mary Ellen Dunn, Wife of/and J. Charles HOLLENBERG.
No. 88-CA-459.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
Rehearing Denied January 17, 1989.
*1322 Patrick M. Reily, New Orleans, for plaintiff/appellee.
Joseph Neves Marcal, III, New Orleans, for defendant/appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal from a trial court ruling rejecting appellants' defense of accord and satisfaction against appellee's suit on open account. We affirm the trial court's finding that there was insufficient proof of a compromise agreed to by the parties.
Appellants, Mr. and Mrs. J.C. Hollenberg, maintained an account with Reily Electrical Supply, Inc., appellee, to purchase electrical supplies for their company, J.C. Electric. Mr. Hollenberg was also employed by Reily Electrical Supply, Inc. This employment was terminated for reasons not relevant to this appeal, and a bill in the amount of $34,284.51 for purchases on open account was submitted by Reily Electrical Supply, Inc. to the Hollenbergs. Mr. Hollenberg then made an offer to appellee's president, Tim Reily, to settle the account for $20,000, plus title to his motor home. Mr. Hollenberg contends that on December 3, 1986, this offer was accepted.
On January 28, 1987, Mr. Hollenberg and appellee's attorney, Patrick Reily, met at Mr. Hollenberg's bank to negotiate a payment of $20,000 on the account. Prior to the meeting, the attorney had arranged for the bank to issue a $20,000 cashier's check to Reily Electrical Supply, Inc. in lieu of Mr. Hollenberg's personal check to the company in that same amount. Other negotiations also took place at the meeting, particularly Mr. Hollenberg received a $39,000 check for employee benefits due him from Reily Electrical Supply, Inc. Also, the attorney received title to Mr. Hollenberg's motor home, though ownership was not also transferred.
On the Hollenberg's personal check for $20,000 was the following notation: "Payment in full on open account for J.C. Electric." The bank received this check and, as directed, issued the cashier's check apparently without it or Mr. Hollenberg informing the attorney of the notation on the check.
On May 5, 1987, Reily Electrical Supply, Inc. filed this action against Mr. and Mrs. Hollenberg for the remainder due on the account. At trial, Mr. Hollenberg contended that the debt had been extinguished by accord and satisfaction on the basis of the $20,000 check marked payment in full.
*1323 The trial court rejected that defense and found that the sum of $13,161.77 was due and owing on the account.
Accord and satisfaction is an affirmative defense and the party who asserts this defense shall be held to the strict proof thereof. LSA-C.C. art. 1005. He who pleads the defense has the burden of proving it by a preponderance of the evidence. Hospital Corp. of Sisters of St. Joseph v. Cunningham, 261 So.2d 318 (La. App. 1st Cir.1972). In cases where its applicability is in doubt it will not be applied. Louisiana Nat. Bank of Baton Rouge v. Heindel, 365 So.2d 37 (La.App. 4th Cir. 1978).
If in this case the parties agreed to compromise their differences, the defense of accord and satisfaction is valid.[1]
Compromise is defined by LSA-C.C. art. 3071 as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which everyone of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be ... reduced into writing ...
The issue here is whether the parties did "adjust their differences by mutual consent," as the Hollenbergs alleged and attempted to evidence by their check marked payment in full, and whether that instrument is a valid compromise that discharges their debt based on accord and satisfaction.
For accord and satisfaction to occur, a debtor must tender payment to a creditor in full satisfaction of a claim, and the creditor in turn must accept the tender.[2]Louisiana Nat. Bank of Baton Rouge v. Heindel, supra. As in any other contract, acceptance of the offer must be by informed consent. Charles X. Miller, Inc. v. Oak Builders, Inc., 306 So.2d 449 (La.App. 4th Cir.1975). Whether the creditor was fully informed of the nature of the compromise offered by the tender must be determined by the circumstances. Louisiana Nat. Bank of Baton Rouge v. Heindel, supra.
The trial court rejected the contention that Reily Electrical Supply, Inc. agreed to compromise the debt, finding that "there was simply not a meeting of the minds and not an agreement in this case" to do so.
The evidence in the record preponderates in favor of the view taken by the trial court. Appellee's attorney, Patrick Reily, testified that he refused to accept the tendered check from Mr. Hollenberg, instead insisting on a cashier's check. The attorney stated he was unaware that Mr. Hollenberg's personal check contained the "payment in full" notation. Furthermore, appellee's president, Tim Reily, testified that he never accepted Mr. Hollenberg's offer to settle the account. This evidence *1324 makes doubtful the applicability of the affirmative defense of accord and satisfaction; accordingly, it was properly rejected. Louisiana Nat. Bank of Baton Rouge v. Heindel, supra.
However, in an effort to prove the appellee did accept the offer to settle the unpaid account, appellants attempt to discredit appellee's attorney, Patrick Reily. Appellants argue that during a deposition of appellee's president, Tim Reily, the attorney responded affirmatively to the defense attorney's question of whether he had surrendered the Hollenbergs' check to the bank for certification. At trial, the attorney testified that he had accepted only the cashier's check issued in lieu of that check.
The trial court heard the testimony and reviewed the evidence presented by each of the parties. The court rejected Hollenberg's position that the attorney, Patrick Reily, had negotiated their check marked payment in full, or that the attorney was aware of the notation. Our review of the record reveals no error in these findings.
Issues of credibility are best left to the discretion of the trial court because of its better position to observe and evaluate live witnesses. Cowley Corp. v. Shreveport Packing Co., 440 So.2d 1345 (La.App. 2nd Cir.1983) writ denied 444 So.2d 122. The record reveals no abuse of that discretion.
Nor did the trial court err in not presuming from the failure of appellee to call as witness their employee, O.F. Mires, that his testimony would be adverse to appellee. Mr. Hollenberg alleges that Mr. Mires overheard appellee's president refuse his initial offer to settle the debt, and that appellee should call Mr. Mires to rebut the allegation that there was a later acceptance. However, any presumption arising from Mr. Mires' failure to testify would have to weigh equally against both parties because it was appellants' burden to prove the agreement to settle the debt. Byrd v. Cobbs, Allen & Hall Mortg. Co., Inc., 466 So.2d 587 (La.App. 5th Cir.1985).
Finally, we reject appellants' argument that the trial court erred in not granting them a partial accord and satisfaction of $6,281.49. Appellants argue that if they owe any amount to appellee, that amount should be reduced by $6,281.49, which represents an internal credit adjustment seen on appellee's records of the account but not calculated into the judgment rendered.
We have reviewed the record; the trial court's calculations and the judgment entered thereon are correct. The trial court arrived at the balance due on the account as follows: After applying to the $34,284.51 account balance (1) the January 28, 1987 payment of $20,000 and (2) commission credits of $1,122.74, the balance due was $13,161.77.
While it is true that appellee's bookkeeping records initially showed a credit adjustment of $6,281.49 which was not applied in the trial court's calculations, nevertheless the calculations are correct. The bookkeeping discrepancy occurred on April 6, 1984, when the parties agreed to a dation en paiement of property owned by the Hollenbergs which was to extinguish a previous $31,924.23 account debt to appellee. The accountant at that time credited Mr. Hollenberg's account by the actual cash received from a sale of the property ($23,901.81) and wrote off the remainder due ($6,281.49) as a bad debt. Shortly before trial, appellee was informed by its counsel that the dation had the legal effect of a full settlement of the balance then due on Mr. Hollenberg's account; thus, the account balance should be zero as of the date of the dation. Prior to trial, the accountant for appellee corrected the account to show the full settlement. Accordingly, the trial court did not err in its finding that the present balance due on the account is $13,161.77.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Whether the transaction at issue is referred to as a "compromise and settlement" or an "accord and satisfaction" is of no importance as we understand the definition of these terms. For a discussion of the relation of "compromise" with "accord and satisfaction" see S. Litvioff, 6 Louisiana Civil Law TreatiseObligations, Book 1 sections 372-399 (1969 & 1984 supp.); The Work of the Louisiana Appellate Courts for the 1974-1975 TermsAccord and Satisfaction, 36 La.L.Rev. 417, 426 (1985). However, we note that Justice Lemmon by way of a footnote in Rivett v. State Farm Fire and Cas. Co., 508 So.2d 1356, 1358 n. 3 (La.1987), states that "it appears unnecessary to import a common law doctrine to handle a situation adequately covered by the Civil Code."
[2] The case law in Louisiana consistently holds that compensation as distinguished from accord and satisfaction, must be based on a disputed claim, while accord and satisfaction may be based on an undisputed or liquidated claim. Pipes v. Jesse F. Heard & Sons, Inc., 258 So.2d 187 (La.App. 2nd Cir.1972); Litvinoff, supra, sec. 399. While we take note of this jurisprudence, we question whether Civil Code article 3071 invariably requires that there be an amount in dispute in order for a valid compromise to exist. See and compare Sailing Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112 (La.App. 2nd Cir.1982); Arender v. Gilbert, 343 So.2d 1146 (La.App. 3rd Cir.1977); Fruehauf Trailer Division, Fruehauf Corp. v. Toups, 243 So.2d 88 (La.App. 1st Cir.1971); St. Landry Credit Plan Inc. v. Darbonne, 221 So.2d 880 (La.App. 1st Cir.1969). We find it unnecessary to resolve this question, as the critical issue in this case is whether the defendants carried their burden of proof that the compromise had been agreed to between the parties.