STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1183

EVAN E. COOPER

VERSUS

BATON ROUGE CARGO SERVICE, INC. AND ABC INSURANCE
COMPANY

Judgment Rendered: __**MAY 1 1 2020**__

********

Appealed from the City Court of Port Allen
In and for the Parish of West Baton Rouge
State of Louisiana
Docket No. 2019CV0081

The Honorable William T. Kleinpeter, Judge Presiding

********

| | |
|---|---|
| Robert M. Schmidt<br>Baton Rouge, LA<br>Tom Acosta<br>Port Allen, LA | Counsel for Plaintiff/Appellant<br>Evan E. Cooper |
| John B. Dunlap, III<br>Erin G. Fonacier<br>Quinn K. Brown<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Baton Rouge Cargo Service, Inc. |

********

BEFORE: HIGGINBOTHAM, PENZATO AND LANIER, JJ.

Penzato, J., dissents and assigns reasons

Higginbotham, J. concurs.

**LANIER, J.**

The plaintiff-appellant, Evan E. Cooper, appeals the judgment of the City Court of Port Allen, which granted the exception of the defendant-appellee, Baton Rouge Cargo Service, Inc. (BRC), raising the objection of *res judicata* and dismissed Mr. Cooper's claims against BRC with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

BRC, a business in Port Allen, bought a former Wal-Mart building that bordered property owned by Mr. Cooper. A driveway called Sharlot Blvd., which is privately owned by Mr. Cooper, extends from Mr. Cooper's property to BRC's building, reaching a dead end at a fence on BRC's property. A sewer line ran from Mr. Cooper's property to BRC's, which was connected to a sewer plant on Mr. Cooper's property. On or about May 7, 2018, BRC began construction work on the driveway near the fence to sever the sewer line and construction of a sewer plant on its own property.

It was BRC's belief at the time that it held a sewer servitude over the sewer line allowing it to sever the line. BRC hired a contractor to complete the project, and informed Mr. Cooper through texts that work on the project was about to commence. The contractor proceeded with cutting through the concrete surface of the driveway, at which time Mr. Cooper approached and ordered the contractor to immediately cease the project. BRC then discovered the that servitude only granted access to the surface of the driveway. Upon this discovery, BRC stopped all work on the project.

The contractor hired by BRC made two cuts into the driveway before the work ceased. BRC offered to remedy the damage by paying to repair the two cuts. BRC received an estimate of $912.00 to repair the two cuts by sealing them with

2

epoxy. Mr. Cooper obtained his own estimate for the repair, which consisted of removing and replacing 900 square feet of concrete for $7,055.00 Through email correspondence from May 29 through 31, 2018, Mr. Cooper demanded that BRC remedy the damage by paying him $7,055.00. BRC refused to pay that amount, stating that the only repairs necessary for the damage actually caused by BRC totaled $912.00

BRC issued a check dated May 31, 2018, in the amount of $912.00 to "Cooper's Truck Wash," which is the name of a business solely owned by Mr. Cooper and is located on his property and neighbors BRC's property. The note on the check states the check is for "accord and satisfaction." On June 5, 2018, the check was received by Capital One Bank, with an endorsement on the back from Cooper's Truck Wash, "For Deposit Only."

On April 27, 2019, Mr. Cooper filed a petition for damages against BRC and ABC Insurance Company as BRC's insurer.[1] Mr. Cooper alleged in his petition that BRC damaged his private driveway without any prior notice given to him, that the driveway is used for the ingress and egress of 18 wheeler trucks going to and coming from his property, and that the damage done to the driveway by BRC compromised its usefulness and serviceability. Mr. Cooper prayed for relief in the amount of $7,055.00, with interest, attorney fees, and costs.

Along with its answer, BRC filed an exception raising the objection of *res judicata*, alleging that Mr. Cooper's claims were subject to a valid settlement which had been agreed upon by both parties, and as such was barred from further litigation. After a hearing on the exception on June 25, 2019, the trial court signed a judgment on July 15, 2019 granting BRC's exception and dismissing Mr. Cooper's claims against BRC with prejudice.

---

[1] Since the trial court dismissed the claims against BRC through a pre-trial exception, the determination the actual name of BRC's insurer became moot. BRC's insurer is therefore not a party in the instant appeal.

3

In its oral reasons for judgment, the trial court found that Cooper's Truck Wash was an entity owned entirely by Mr. Cooper, and that when BRC tendered the check for $912.00 to Cooper's Truck Wash, the tender was also made to Mr. Cooper. The trial court did not find credible the testimony of Mr. Cooper that he was unaware that the check had been tendered, and instead found that an "accord and satisfaction" had been reached between Mr. Cooper and BRC, resolving the dispute surrounding the damage to Sharlot Blvd. Mr. Cooper then filed the instant appeal.

## ASSIGNMENTS OF ERROR

Mr. Cooper cites two assignments of error:

1. The trial court committed legal error in finding that Mr. Cooper reached a compromise with BRC to settle a dispute concerning damages caused by BRC to Mr. Cooper's property.

2. The trial court committed legal error in granting BRC's exception raising the objection of *res judicata*.

## STANDARD OF REVIEW

When, as here, an objection of *res judicata* is raised before the case is submitted and evidence received on the objection, the standard of review on appeal is traditionally manifest error. However, the *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo*. *Pierrotti v. Johnson*, 2011-1317 (La. App. 1 Cir. 3/19/12), 91 So.3d 1056, 1063.

In the instant case, Mr. Cooper avers that the trial court committed legal error, and that this court should therefore review the case *de novo*. However, it is clear from the trial court's oral reasons that it made a factual finding of *res judicata*:

> I disagree with Mr. Cooper that it was, that [BRC was] trying to slip [the check] in. There was obviously by what's in the record, emails going back and forth. And on the same day the check was

dated, was the email… from [BRC] basically saying upon the payment of $912.00.

The sign, I'm assuming is the sign that says Cooper's Truck Wash, so obviously you refer to it as that. That's what the stamp on the back of the check says so obviously, it could just as easily been Evan Cooper doing business as Cooper's Truck Wash… which is wholly owned by [Mr. Cooper].

Because of these clear references to the evidence submitted by the parties during the hearing on the exception raising the objection of *res judicata*, the trial court made a factual determination that must be reviewed under the manifest error standard. Under the manifest error standard, a factual finding cannot be set aside unless the appellate court finds that the trier of fact's determination is manifestly erroneous or clearly wrong. *Detraz v. Lee*, 2005-1263 (La. 1/17/07), 950 So.2d 557, 561. In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id.*

The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. *Detraz*, 950 So.2d at 561. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong, even if the reviewing court would have decided the case differently. *Id.*

## DISCUSSION

Louisiana Revised Statutes 13:4231, known as the *res judicata* statute, provides that if a judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action. The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection. If any

5

doubt exists as to the application of *res judicata*, the objection must be overruled and the second lawsuit maintained. *Alfred v. RPM Pizza, LLC*, 2018-1723 (La. App. 1 Cir. 5/31/19), 278 So.3d 376, 379.

BRC alleges in its exception of *res judicata* that the "claims and causes of action arise from and relate to claims that are subject to a valid and final settlement that has been agreed to between these two parties." In its brief, BRC invokes the doctrine of "accord and satisfaction" as the basis of the objection of *res judicata*. The common law doctrine of accord and satisfaction has no statutory basis in Louisiana law but is a jurisprudentially recognized method by which an obligation can be extinguished. <u>See</u> *McClelland v. Security Industrial Insurance Company*, 426 So.2d 665, 669-70 (La. App. 1 Cir. 1982), <u>writ denied</u>, 430 So.2d 94 (La.1983). The defense of accord and satisfaction is properly raised by the peremptory exception raising the objection of *res judicata*. *Harrington v. Aetna Life and Casualty Company*, 441 So.2d 1255, 1256 (La. App. 1 Cir. 1983).

The Louisiana Civil Code defines a "compromise" as a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise shall be made in writing. La. C.C. art. 3072. A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La. C.C. art. 3076. A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. art. 3080. It is well established that a claim of *res judicata* based on a compromise agreement must be brought by a party to the compromise agreement. *Alfred*, 278 So.3d at 380.

While *res judicata* is ordinarily premised on a final judgment on the merits, it has also been applied where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. *Alfred*, 278 So.3d at

6

379. A release of a claim, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of *res judicata*. *Id.*

Accord and satisfaction does not neatly fit into the Civil Code's definition of a compromise, since the definition requires a contract to be made in writing. In the instant case, no such compromise exists. The email exchange shows that BRC and Mr. Cooper never reached an agreement or contract to settle the dispute over the cost for repairing the damage to Sharlot Blvd. BRC wanted to settle the claim for $912.00, while Mr. Cooper would only accept $7055.00 as settlement of his claim. At this point, there was no "meeting of the minds," which is required for an enforceable contract. See *Read v. Willwoods Community*, 2014-1475 (La. 3/17/15), 165 So.3d 883, 887.

However, under La. C.C. art. 3079, a compromise is possible under the doctrine of "accord and satisfaction." The article states that "[a] compromise is also made when the claimant of a disputed or unliquidated claim, regardless of the extent of his claim, accepts a payment that the other party tenders with the clearly expressed written condition that acceptance of the payment will extinguish the obligation." Comment (a) states that the article gives recognition to the validation of accord and satisfaction by Louisiana jurisprudence. See *Berger v. Quintero*, 170 La. 37, 39, 127 So. 356, 357 (La. 1930) (client retaining attorney's check for three years, and then having bank certify it, held estopped from rejecting check and suing on entire claim); See also *McClelland*, 426 So.2d at 669-70 (the doctrine of accord and satisfaction is a jurisprudentially created method by which an obligation can be extinguished).

Accord and satisfaction is present when a debtor tenders a check with a written notation indicating it is in full settlement of all claims and the claimant accepts the tender. *Griffin v. Louisiana Sheriff's Auto Risk Ass'n*, 1999-2944 (La. App. 1 Cir. 6/22/01), 802 So.2d 691, 699, writ denied, 2001-2117 (La. 11/9/01),

801 So.2d 376. For a compromise to exist, there must be a disputed claim, a tender of a certain amount in settlement of that claim, and an acceptance. *Audubon Ins. Co. v. Farr,* 453 So.2d 232, 234 (La. 1984). By requiring a meeting of the minds between the parties as to exactly what they intend and requiring that the creditor understands that the payment is tendered in full settlement, the doctrine of accord and satisfaction is identical to its more formal cousin, the doctrine of compromise. *McClelland,* 426 So.2d at 670, n. 2.

Mr. Cooper presented sufficient evidence of a disputed claim, to which BRC did not object: the cost of the damage to Sharlot Blvd. Mr. Cooper does not dispute that BRC tendered a check to Cooper's Car Wash for "accord and satisfaction" of the claim in the amount of $912.00. The dispute in the instant case is over whether Mr. Cooper made an acceptance of the check in "accord and satisfaction" of his claim.

The check written to Cooper's Truck Wash was endorsed by same and deposited by same on June 5, 2018. The check was not returned by Mr. Cooper to BRC, and Mr. Cooper had no further discussions with BRC concerning the dispute until he filed his petition for damages. Furthermore, BRC conducted no other business or transactions with Cooper's Truck Wash. Cooper's Truck Wash is the neighboring business of BRC. The damage to Sharlot Blvd. occurred next to where Cooper's Truck Wash is located, and Cooper's Truck Wash uses Sharlot Blvd. as a point of ingress and egress for trucks going to and from the business. BRC admitted that it was not aware that Mr. Cooper owned the property on which Cooper's Truck Wash is located.

In his petition for damages, Mr. Cooper states he owns and operates a truck wash on his property, and that the truck wash uses Sharlot Blvd. as a means of ingress and egress, but he does not mention the name of the truck wash. In his testimony, Mr. Cooper stated that both he and Cooper's Truck Wash receive mail

8

at the same location on Sharlot Blvd. He and Cooper's Truck Wash maintained separate checking accounts, so he never personally received any funds from BRC's check for $912.00 and had no personal knowledge of it. During cross-examination, Mr. Cooper admitted he was the sole owner of Cooper's Truck Wash.[2] He was aware of how many employees worked there, and who he had authorized to open the mail and deposit checks. He also stated that he conducts no other business with BRC.

The trial court did not find Mr. Cooper credible in his statements that he had no knowledge of BRC's tender of the check for $912.00. We find the evidence and testimony submitted at the hearing on the exception support the trial court's factual finding, and we conclude that BRC met its burden of proving that an acceptance had been made for accord and satisfaction to extinguish Mr. Cooper's claim for damages against BRC.

**DECREE**

The judgment of the City Court of Port Allen, granting the exception raising the objection of *res judicata* in favor of the defendant-appellee, Baton Rouge Cargo Service, Inc., and dismissing the claims of the plaintiff-appellant, Evan E. Cooper, is affirmed. All costs of the instant appeal are assessed to Evan E. Cooper.

**AFFIRMED.**

---

[2] It was established at the hearing on the exception that the actual name of Cooper's Truck Wash is Cooper's Truck and RV Wash, LLC. (R. 60)

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

NO. 2019 CA 1183

EVAN E. COOPER
VERSUS
BATON ROUGE CARGO SERVICE, INC. AND
ABC INSURANCE COMPANY

PENZATO, J., dissenting.

I respectfully disagree with the opinion reached by the majority. I believe that the check presented by Baton Rouge Cargo Service, Inc. with the notation on the check "accord and satisfaction" is insufficient to meet the requirements of La. C.C. art. 3079. The case relied upon by the majority, *Griffin*, 802 So.2d at 699, does state "[a]ccord and satisfaction is present when a debtor tenders a check with a written notation indicating it is in full settlement of *all* claims *and* the claimant accepts the tender." *Griffin* emphasizes that the notation must indicate that it is in full settlement of *all* claims.

In *Harkins v. M.G. Mayer Yacht Servs., Inc.*, 2005-0668 (La. App. 4th Cir. 12/13/06), 952 So. 2d 709, 720, *writ denied*, 2007-1028 (La. 8/31/07), 962 So. 2d 441, the court held that a check that did not state "full payment" or "in full accord and satisfaction" did not constitute an accord and satisfaction. *Ryan v. State Farm Mutual Automobile Insurance Company*, 2010-0961 (La. App. 1st Cir. 12/22/10), 68 So. 3d 563, 569, *writ denied*, 2011-0172 (La. 4/1/11), 60 So. 3d 1250, held that a negotiated check that referenced a claim number, the date of loss, and simply stated "settlement" on the payment stub attached to the check was insufficient to be a valid accord and satisfaction.

Similar to *Harkins* and *Ryan*, there is no indication that there was a "full accord and satisfaction" on the check tendered. I do not find that a notation containing only the words "accord and satisfaction" is sufficient to comply with the requirement of

La. C.C. art. 3079 of a written notation indicating it is in full settlement of *all* claims.

*See Griffin*, 802 So.2d at 699.

Thus, I respectfully dissent.