BLANCHE, Judge.
This is an appeal by plaintiff-appellant from a final opinion rendered by the Louisiana Civil Service Commission in which appellant asks that his resignation from the Department of Public Safety be annulled or, alternatively, he be restored to his former position with the Louisiana Wildlife and Fisheries Commission.
A review of the record reveals that after appellant had served approximately eight years with the Louisiana Wildlife and Fisheries Commission, he made application to the Louisiana Department of Public Safety for a position as a Trooper. On November 26, 1974, the Louisiana Department of Public Safety sent appellant an “Inquiry of Availability” form stating that he was being considered for the position of Trooper with the type of appointment designated as “Probational.” On November 27, 1974, appellant signed an “Availability Statement” stating that he was available for the position immediately. On January 27, 1975, he signed a “Resignation and Exit-Interview Report,” and the form showed his resignation effective January 31, 1975, and under “Remarks” was typed the phrase “Transferring to State Police.” He commenced working with the Department of Public Safety on February 3,1975, and went to the Louisiana State Police Training Academy but due to alleged irregularity was asked to resign his position as Trooper with the Louisiana Department of Public Safety. This “Resignation and Exit-Interview Report” was signed on March 21,1975, by the appellant.
The appellant gives thirteen assignments of error by the Commission in this appeal, but a careful review of those enumerated convinces the Court that it should address itself to only two specific questions, both of which are factual in nature. The first question relates to appellant’s contention that he did not resign from the Department of Wildlife and Fisheries but merely transferred from that department to the State Police.
As a Wildlife Area Supervisor I, he was a classified, permanent civil service employee invested with all of the rights and privileges applicable to Louisiana State Civil Service employees under the provisions of Article 14, § 15 of the Louisiana Constitution of 1921 and Article 10 of the Louisiana Constitution of 1974. Assuming arguendo that we could reinstate appellant to his former position with the Wildlife and Fisheries Commission, they not having been made a party to these proceedings, we find that there is no merit to appellant’s conten *815 tion that he transferred from this state agency instead of resigning therefrom. He executed a “Resignation and Exit-Interview Report” on leaving the Wildlife and Fisheries Commission and accepted “Probational Status” as a State Trooper, all on his own initiative. The forms providing for his resignation from one service and application for duty with another are clear and unambiguous. Thus, we find that when appellant resigned from the Department of Wildlife and Fisheries and his application to the State Police was accepted, he gave up his permanent status as a civil service employee in the Department of Wildlife and Fisheries and accepted probational status in the Division of State Police of the Department of Public Safety. If there was any misunderstanding vis-a-vis his transfer or resignation, we find it was one of his own making.
The next question is also factual in nature and relates to the circumstances surrounding appellant’s resignation from the State Police. Appellant had not obtained or acquired permanent tenure, and as a probationary employee of the Division of State Police, he had no right of appeal except on the basis of whether there was discrimination against him in connection with his resignation. Civil Service Rule 13:10(c). The Commission undertook to hear evidence on the basis of whether there was discrimination against him and limited the hearing solely to this question of fact.
A close scrutiny of the record does not convince this Court that the signature on the resignation form was obtained by fraud, mistake, duress or other vices of consent.
It is apparent from the record that appellant had a choice of resigning or facing the likelihood of dismissal. To elect resignation under these conditions is not uncommon in either the private or public sector of this country. There is strong argument by the appellant that he was coerced into signing the resignation form terminating his employment with the Louisiana Department of Public Safety. However, a careful review of the transcript indicates that the appellant under the circumstances was not coerced into signing the resignation but had a choice.
After what appears to this Court to be an ample hearing by the Civil Service Commission, the Commission unanimously found:
“The Commission found sufficient evidence to establish, and has been said heretofore, that appellant’s status in the Division of State Police was probationary and not permanent. It also found sufficient evidence to establish that appellant was given the free choice of resigning or requiring that the Division of State Police discharge him * * *. He was given the same treatment as two of his classmates. No discrimination has been found.” (Record, p. 39)
We believe that the Commission was correct in dismissing the appeal and its decision is hereby affirmed, at the cost of plaintiff-appellant.
AFFIRMED.