2WHIPPLE, Judge.
Appellants, Donald R. Blackwell and Ker-ney Sonnier, appeal a decision of the State Civil Service Commission which found they violated State Civil Service Rule 14.1(j) by falsifying Blackwell’s job description, and imposed disciplinary action against them, including reduction in pay, ineligibility for promotion, and suspension from service. Finding no error in the Commission’s decision, we affirm.
FACTS AND PROCEDURAL HISTORY
Donald R. Blackwell is a Wildlife Area Supervisor II, serving with permanent status, and has been employed by the Department of Wildlife and Fisheries since 1964. At all times pertinent to this litigation, he was assigned to Spring Bayou wildlife management area (WMA) in Avoyelles Parish, where he has been working since 1971, performing maintenance work, grass cutting, enforcement work, and research and data collection for biologists employed there. In 1990, John Mullins, the district biologist, served as Blackwell’s immediate supervisor and Kemey Sonnier was Mullins’ supervisor.
Kerney Sonnier is a Game Biologist District Supervisor with the Wildlife Division, serving with permanent status. Employed *1149 by the Department of Wildlife and Fisheries since 1976, Sonnier was responsible for the three WMA’s in Avoyelles Parish in question: Spring Bayou, Grassy Lake, and Pomme de Terre. Although Mullins eventually left the Department, Sonnier continued to act as Blackwell’s supervisor.
In 1990, Blackwell completed a civil service job description form in an effort to have his job upgraded from Supervisor II to Supervisor III. He and the supervisors of Grassy Lake and Pomme de Terre discussed the fact that their respective areas were becoming more developed and were experiencing increased public usage; thus, they concluded that their job classifications should be raised. | {¡According to Blackwell, Butch Bateman, the Administrator for the Wildlife Division, instructed Mullins and Sonnier to have those supervisors ranked at level II submit their paperwork and supporting documentation and he would attempt to have their job classifications upgraded. With Mullins’ help, Blackwell prepared and submitted a job description form, which broke down by percentages how Blackwell spent his time at Spring Bayou. Significantly, the job description form setting forth Blackwell’s job duties indicated his work was being performed solely at Spring Bayou.
Blackwell failed to receive an upgrade to Supervisor III in 1990, so he again submitted a job description in 1992. However, in the 1992 submission, he asserted that he was performing, job duties at all three WMA’s, stating he was spending 55% of his time supervising pollution, littering and property destruction law enforcement at the three WMA’s; 20% of his time doing maintenance and development on all three; and 5% of his time issuing permits. After alleging that 80% of his time was spent working for the three WMA’s, Blackwell’s position was upgraded to Supervisor III, despite the fact that his customary job duties had not changed since he had completed the earlier job description in 1990.
In 1994, Blackwell submitted yet another job description form, which was filled out by someone else. However, this form noted that Blackwell spent a mere 5% of his work time helping with maintenance and development projects at the other two WMA’s, “as needed.” Thus, in keeping with the job duties described in the 1994 form, Blackwell was demoted back down to Supervisor II, a decision that he did not appeal.
An investigation by the Department of State Civil Service later ensued, resulting in charges being brought against Blackwell and Sonnier by the State Department of Civil Service, through the State Civil Service Director, Herbert L. Sumrall, for knowingly falsifying Blackwell’s 1992 job description in violation of 14 Civil Service Rule 14.1(j). As a result of. its investigation, the Department of Civil Service found: (1) that Blackwell and Sonnier knew that supervision of more than one WMA was required to hold the position of Supervisor III; and (2) that Blackwell and Sonnier were both aware that Blackwell only had responsibility for Spring Bayou at the time the job description form was completed. Thus, the Department concluded, Blackwell and Sonnier had knowingly falsified Blackwell’s 1992 job description in an effort to obtain reallocation of Blackwell’s job position in violation of Civil Service Rule 14.1(j), which prohibits making false statements or committing or attempting to commit fraud preventing the impartial execution of the rules and regulations' of the State Civil Service.
At the request of the Director of the State Department of Civil Service, the State Civil Service Commission ordered a public investigative hearing on the charges, which was held on March 8,1995.
At the hearing, Blackwell testified that he had in fact done the work on all three sites as listed on the 1992 job description. However, he acknowledged that this work had been done in the 1980’s, and that he had not reported doing this work until 1992, when Bateman told him to include it on the job description form with the assistance of Mullins, Blackwell’s immediate supervisor. He admitted that it had been “a long time” since he had worked at Grassy Lake, and he could not remember the last time he had worked at Pomme de Terre.
Blackwell testified that he understood that obtaining a reclassification was dependent *1150 upon the duties being performed by the party and acknowledged that his 1990 job description form was the accurate description of the work he was performing when he submitted the later, incorrect 1992 job description. In an effort to explain his actions, Blackwell testified that he knew his immediate supervisors would see the job description forms and he felt they would let him | sknow if he could not include some of the information listed, since he assumed his supervisors, Sonnier and Mullins, knew the extent of his duties.
Sonnier testified that when he signed Blackwell’s job descriptions, he felt they were accurate, since although Blackwell was not physically present at the other two WMA’s on a daily basis, Blackwell would go there if called to do so. He stated that he had assumed Blackwell’s direct supervisor would know whether or not Blackwell had been performing the duties listed on the form and would only forward the paper work to Sonnier if it was accurate. However, Sonnier admitted he had actually signed off on the form before Blackwell’s immediate supervisor signed.
Blackwell testified that he requested a reclassification because his WMA is larger than Pomme de Terre and more developed than both of the other WMA’s, which results in greater usage by the public. Thus, he contended, he was entitled to classification as a Supervisor III, since the supervisors at the other two WMA’s are level II. However, it is undisputed that Blackwell did not allege in either his 1990 or 1992 job description form that he was seeking an increase in classification because of an increase in public usage.
At the end of the hearing, the parties also stipulated: (a) that Blackwell prepared the 1992 job description, which included duties he had performed in the 1970’s and early 1980’s, but was not performing in 1992, when he completed the description form; (b) that Sonnier signed Blackwell’s 1992 job description without ascertaining its accuracy regarding the duties and responsibilities listed on the form; and (c) that Department of Civil Service job specifications require responsibility for more than one WMA or management of only one large WMA for classification as a Supervisor III.
After the hearing, the Commission rendered its decision, finding that Blackwell and Sonnier had in fact falsified Blackwell’s job description in 1992, in|6violation of Civil Service Rules, for which disciplinary action was warranted. Thus, the Commission’s decision imposed a reduction of Blackwell’s pay for a period of two years (to make up for the more than $10,000.00 he had received while improperly classified as a Supervisor III); and a two year period of ineligibility for promotion or pay increases. The Commission also ordered that Sonnier be suspended without pay for 45 days or, at the option of the Department of Wildlife and Fisheries, subject to a pay reduction in an amount equal to a 45 day suspension.
Blackwell and Sonnier appeal, contending that the State Civil Service Commission erred in finding that appellants had knowingly and intentionally falsified Blackwell’s 1992 position description and by imposing penalties which are excessive and not commensurate with the infraction.
DISCUSSION
Louisiana Constitution Article X, § 8(A) provides, in pertinent part: “No person who has gained permanent status in the classified state ... service shall be subjected to disciplinary action except for cause expressed in writing.” The burden of proof on appeal, as to the facts, shall be on the appointing authority. La. Const, art. X, § 8(A); see Howard v. Housing Authority of New Orleans, 457 So.2d 834, 843 (La.App. 1st Cir.1984); Jones v. Department of Health and Human Resources, 430 So.2d 1203, 1206 (La.App. 1st Cir.1983). Further, the Commission’s decision is subject to review on any question of law or fact upon appeal to the court of appeal. La. Const, art. X, § 12(A); Walters v. Dept. of Police of New Orleans, 454 So.2d 106, 113 (La.1984).
The standards of review as set forth in the Louisiana Administrative Procedure Act, LSA-R.S. 49:950 et seq., are applicable to proceedings of the Commission. LSA-R.S. 49:951, 49:967; Howard, 457 So.2d at 846. The standard of review for the appellate *1151 court is multifaceted. Historically, when previewing the Commission’s findings of fact, the appellate court was required to apply the manifestly erroneous or clearly wrong standard of review. LSA-R.S. 49:964(G)(6) (pri- or to amendment by Acts 1997, No. 128); Walters, 454 So.2d at 113; Khosravanipour v. Department of Transportation and Development, 93-2041, 93-2042, 93-2043, 93-2044, 93-2045, p. 7 (La.App. 1st Cir. 10/7/94); 644 So.2d 823, 826, writ denied, 94-2729 (La.1/6/95); 648 So.2d 930.
However, by Acts 1997, No. 128, the Administrative Procedure Act was amended to provide that upon judicial review of an adjudication, the reviewing court may reverse or modify a decision if “substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are ... [n]ot supported and sustainable by a preponderance of evidence as determined by the reviewing court.” Further, “[i]n the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review.” The act further provides that it “shall apply to all cases in which a decision has not been rendered on appeal as of the effective date of this Act.” The act became effective on June 12,1997; thus, it is applicable to the instant appeal.
Finding of a Violation of Civil Service Rule 14.1(j)
Applying these precepts herein, we conclude that the findings of fact set forth in the Commission’s decision herein are amply supported by a preponderance of the evidence based upon our “evaluation of the record reviewed in its entirety.”
“The burden of proof is less in a Civil Service hearing than in a criminal proceeding. Although the facts must be ‘clearly' established, they need not be established ‘beyond a reasonable doubt.’ ” Savoie v. State, Dept. of Corrections, 394 So.2d 1285, 1286 (La.App. 1st Cir.1981). It was clearly established through Blackwell’s testimony and the stipulations in the record herein that Blackwell | gknowingly included in his 1992 listing and description of job duties work activities which he had not performed since the 1970’s and 1980’s. Additionally, he admitted he was aware of the fact that reclassification was dependent upon the job duties being performed by an employee at that time the request for reclassification was made. Likewise, Sonnier’s admissions and the stipulations clearly show that Sonnier was aware that Blackwell was seeking reclassification, and that Sonnier signed Blackwell’s job description certifying Blackwell had performed those duties, without determining whether the listing was accurate.
The record clearly establishes that Blackwell and Sonnier made false statements regarding Blackwell’s responsibilities for Grassy Lake and Pomme de Terre and that Blackwell committed fraud in obtaining a classification to which he was not entitled. As the Commission correctly determined, appellants violated Civil Service rule 14.1(j).
Disciplinary Action
When judging the Commission’s exercise of its discretion in determining whether disciplinary action is based on legal cause and the punishment is commensurate with the infraction, a reviewing court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion. LSA-R.S. 49:964(G)(5); Walters, 454 So.2d at 114; Cha-Jua v. Department of Fire, 577 So.2d 332, 335 (La.App. 4th Cir.), writ denied, 580 So.2d 675 (La.1991).
A conclusion of a public body is “capricious” when the conclusion has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. The word “arbitrary” implies a disregard of evidence or of the proper weight thereof. Coliseum Square Association v. City of New Orleans, 544 So.2d 351, 360 (La.1989).
9A classified employee may be disciplined when there is a real and substantial relationship between that employee’s improper conduct and the efficient operation of the public service. Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983). As the Commission noted in analyzing Civil Service *1152 rule 14.1(j), “truthful position descriptions are essential to the allocation process.” Here, we find no error in the disciplinary action imposed by the Commission. The decision to suspend Sonnier from service (or alternatively to reduce his pay) and the decision to reduce. Blackwell’s pay with ineligibility for promotion or pay raises for a two year period was not “arbitrary, or capricious, or characterized by abuse of discretion” as the record overwhelming demonstrates a real and substantial relation between appellants’ untruthful actions and the impairment of the efficiency and goals of the public civil service. The Commission has much discretion in determining the appropriate disciplinary action when legal cause for such action has béen established. Howard, 457 So.2d at 845. By knowingly submitting false information on his job description form, and by certifying the accuracy of the incorrect and misleading job description, Blackwell and Sonnier respectively impaired the civil service’s ability to achieve correct classification for pay and promotional purposes.
CONCLUSION
For the above and foregoing reasons, we affirm the decision of the State Civil Service Commission of September 18, 1996, at appellants’ costs.
AFFIRMED.