718 So.2d 1042 (1998)
Bryan K. WARD
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Avoyelles Correctional Center.
Larry A. BAUM
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Avoyelles Correctional Center.
Nos. 97 CA 1109, 97 CA 1110.
Court of Appeal of Louisiana, First Circuit.
September 18, 1998.
*1043 Mark E. Falcon, Baton Rouge, for Plaintiffs/Appellants, Bryan K. Ward and Larry A. Baum.
Annette Viator, Baton Rouge, for Defendant/Appellee, Department of Public Safety and Corrections.
Robert R. Boland, Jr., Baton Rouge, for Defendant/Appellee, Allen H. Reynolds, Director, Department of State Civil Service.
Before SHORTESS, CARTER, LeBLANC, FOIL, GONZALES, WHIPPLE, FOGG, PARRO, FITZSIMMONS, KUHN, GUIDRY and WEIMER, JJ., and CHIASSON, J. Pro Tem.[1]

ON REHEARING
GONZALES, Judge.
In an application for rehearing, the Civil Service Commission (Commission) requested that the original opinion written by a threejudge panel of this court be modified to eliminate certain references to the applicability of the Louisiana Administrative Procedure Act to decisions of the Commission. For the following reasons, this court convened en banc, and now grants the application.
By 1997 La.Acts No. 128, effective June 12, 1997, La.R.S. 49:964(G) of the Louisiana Administrative Procedure Act was amended to provide that, upon judicial review of an adjudication, the reviewing court may reverse or modify an administrative decision "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are... [n]ot supported and sustainable by a preponderance of evidence as determined by the reviewing court." Further, the amendment provides that, "[i]n the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review." See La.R.S. 49:964(G)(6).
On May 15, 1998, the original unpublished opinion by the three-judge panel in the present case was released. See Ward v. Department of Public Safety and Corrections, 97-1109 c/w 97-1110 (La.App 1st Cir. 5/15/98). In the original opinion, the panel stated that the new standard of factual review in La.R.S. 49:964(G)(6) contained the applicable standard of review for this court to follow in appeals from decisions of the Commission. This same conclusion was reached by another three-judge panel of this court in the recently published case of Blackwell v. Sumrall, 97-0084 (La.App. 1st Cir. 2/20/98), 708 So.2d 1147, 1150-1151. Both the original panel in this case and the Blackwell panel reached this conclusion by relying on Howard v. Housing Authority of New Orleans, 457 So.2d 834, 846 (La.App. 1st Cir.1984), in which it is stated "[e]xcept where it is in conflict with the Constitution or Civil Service Rules, the Louisiana Administrative Procedure Act is applicable to proceedings of the Commission. La.R.S. 49:967...."
On May 19, 1998, the Commission filed an application for rehearing in the present case, contending that new La.R.S. 49:964(G)(6) does not apply to decisions of the Commission because: (1) Article X, § 12 of the Louisiana Constitution vests judicial review of *1044 questions of law and fact made by the Commission in the court of appeal wherein the Commission is located, i.e., the First Circuit Court of Appeal; (2) La.R.S. 49:964(G)(6) provides the standard of review applicable to a district court, sitting in an appellate mode, reviewing administrative agency decisions; and (3) because judicial review of Commission decisions lies in the First Circuit Court of Appeal, and not in any district court, La.R.S. 49:964(G)(6) does not apply to the First Circuit's review of the Commission's decisions.
We agree with the Commission's position. The standards of review set forth in La.R.S. 49:964(G) apply to district courts when they sit in an appellate mode and review an administrative agency's final decision or order in an adjudication proceeding. La. R.S. 49:964(A), (B). However, judicial review of final decisions of the Commission does not lie in any district court, but is constitutionally vested in the First Circuit Court of Appeal, pursuant to Article X, § 12 of the Louisiana Constitution.[2] Thus, the standards of review contained in La.R.S. 49:964(G) do not apply to review of decisions of the Commission, because judicial review is performed by the First Circuit Court of Appeal, not by a district court.[3]
To the extent the opinions in Howard v. Housing Authority of New Orleans, and Blackwell v. Sumrall, and the original opinion in Ward v. Department of Public Safety and Corrections state otherwise, they are overruled.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Article X, § 12 of the Louisiana Constitution, in pertinent part, reads:

(A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered. If an application for review is not timely filed with the commission, the decision of the referee becomes the final decision of the commission as of the date the decision was rendered. If an application for review is timely filed with the commission and, after a review of the application by the commission, the application is denied, the decision of the referee becomes the final decision of the commission as of the date the application is denied. The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final....
[3] The standards of review to be applied by this court in reviewing Commission decisions are jurisprudentially well-established. See Bannister v. Department of Streets 95-0404 (La. 1/16/96), 666 So.2d 641, 647; Walters v. Department of Police of City of New Orleans, 454 So.2d 106, 113 (La. 1984); Burst v. Board of Commissioners, Port of New Orleans, 93-2069 (La.App. 1st Cir. 10/7/94), 646 So.2d 955, 958, writ not considered, 95-0265 (La.3/24/95), 651 So.2d 284; Khosravanipour v. Department of Transportation and Development, 93-2041, 93-2042, 93-2043, 93-2044, 93-2045 (La.App. 1st Cir. 10/7/94), 644 So.2d 823, 826, writ denied, 94-2729 (La. 1/6/95), 648 So.2d 930.