HENRY FLANAGAN
v.
DEPARTMENT OF ENVIRONMENTAL QUALITY.
No. 2007 CA 0044.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
THOMAS P. HENICAN, Counsel for Plaintiff/Appellant, Henry Flanagan.
WILLIAM A. NORFOLK, Counsel for Defendant/Appellee, Department of Environmental Quality.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
In this appeal, a fonner state employee challenges the denial of his request to withdraw his previously submitted resignation. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
The plaintiff in this case, Henry Flanagan, began working for the Louisiana Department of Environmental Quality (DEQ) in March of 1987. On September 23, 2002, Mr. Flanagan prepared a memorandum document directed to DEQ Regional Manager Michael Algero, stating, in pertinent part: "Please accept this memo as my notice of resignation. My last day with the Department of Environmental Quality will be January 31, 2003." Thereafter, on October 14, 2002, Mr. Flanagan forwarded another memorandum to Mr. Algero, stating: "Due to changed circumstances, I wish to withdraw my letter of resignation." DEQ denied this request. Thereafter, Mr. Flanagan's appeal to the Civil Service Commission (Commission) was denied, based on its finding that Mr. Flanagan's resignation was voluntarily given and its acceptance was in conformity with Civil Service rules.[1]
Mr. Flanagan now appeals to this court. The assignments of error he presents on appeal raise the following issues: (1) whether his September 23, 2002 resignation memorandum was voluntarily given (i.e., not obtained by fraud, mistake, duress, misrepresentation, or some other vice of consent); and (2) whether his resignation was accepted by the "appointing authority" prior to its rescission and in conformity with Civil Service rules.

LAW AND ANALYSIS
Ordinarily, a state employee who voluntarily resigns his position has no right of appeal. Pugh v. Department of Culture, Recreation and Tourism, Sabine River Authority, 597 So.2d 38, 41 (La. App. 1 Cir. 1992). However, a right to appeal has been recognized in favor of state employees who have voluntarily "resigned" under circumstances suggesting resignation was forced or chosen to avoid disciplinary action. See Stern v. New Orleans City Planning Commission, XXXX-XXXX, p. 6 (La. App. 4 Cir. 9/17/03), 859 So.2d 696, 700; Pugh v. Department of Culture, Recreation and Tourism, Sabine River Authority, 597 So.2d at 41; Peterson v. Department of Streets, 369 So.2d 235, 237 (La. App. 4 Cir.), writ denied, 371 So.2d 1344 (La. 1979); Duczer v. State Banking Department, 277 So.2d 453, 454 (La. App. 1 Cir. 1973). It is well recognized that a classified state employee enjoys a property right, pursuant to LSA-Const. Art. X, § 8(A),[2] in continued employment that cannot be deprived without due process of law. AFSCME, Council #17 v. State ex rel. Department of Health & Hospitals, XXXX-XXXX, p. 9 (La. 6/29/01), 789 So.2d 1263, 1269; McGehee v. City/Parish of East Baton Rouge, XXXX-XXXX, p. 4 (La. App. 1 Cir. 9/12/01), 809 So.2d 258, 261 (citing Murray v. Department of Revenue and Taxation, 504 So.2d 561, 564 (La. App. 1 Cir. 1986), writs denied, 504 So.2d 880, 882, 883 (La.1987)); Ruddock v. Jefferson Parish Fire Civil Service Board, 96-831, p. 2 (La. App. 5 Cir. 1/28/97), 688 So.2d 112, 114.
In this case, Mr. Flanagan alleges that impropriety and/or fraud on the part of supervisory personnel caused him to submit a written notice of resignation, ostensibly before he might otherwise have done so. Mr. Flanagan's contentions and assertion of a right to withdraw his resignation were rejected by DEQ and the Commission.
A final decision of the Commission is subject to review by the court of appeal on any question of law or fact as mandated by LSA-Const. Art. X, § 12(A).[3] Accordingly, the standard of review set forth in Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993), is applicable, and a reviewing court should not disturb factual findings made by the Commission in the absence of manifest error.[4] Therefore, in order to reverse a factual finding made by the trier-of-fact the appellate court must: (1) find from the record that a reasonable factual basis does not exist for the finding, and (2) determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Burst v. Board of Commissioners, Port of New Orleans, 93-2069, pp. 4-5 (La. App. 1 Cir. 10/7/94), 646 So.2d 955, 958, writ not considered, 95-0265 (La. 3/24/95), 651 So.2d 284. See also Bannister v. Department of Streets, 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647; Khosravanipour v. Department of Transportation and Development, 93-2041, p. 7 (La. App. 1 Cir. 10/7/94), 644 So.2d 823, 826-27, writ denied, 94-2729 (La. 1/6/95), 648 So.2d 930.
In ruling on Mr. Flanagan's appeal, the referee appointed by the Commission cited Civil Service Rule 12.11, which provides in pertinent part as follows:
Resignations.
(a) Whenever the services of a permanent or probationary employee are terminated by voluntary resignation, the appointing authority shall request that the employee submit a letter of resignation or complete other appropriate agency forms. Where it is impossible to secure the letter or form, the appointing authority shall prepare and maintain a written explanation of the reason(s), if known, and why the letter or form was not obtained.
(b) An employee's resignation, submitted orally or in writing, shall become an accomplished fact upon
1. Its acceptance by his appointing authority,[5] notwithstanding that it may include a prospective effective date; or
2. The occurrence of the effective date and time specified by him in his statement of intention to resign.
(c) The preparation of a personnel status change form for the purpose of reporting an employee's resignation to the Director shall constitute one type of acceptance of his resignation, when signed by the appointing authority.
(d) An employee may not rescind or withdraw his resignation:
1. Subsequent to its acceptance by his appointing authority unless such appointing authority agrees thereto.
2. Subsequent to the effective date and time specified in his statement of intention to resign.
3. Subsequent to the terminal date and hour specified in sub-section (c) hereof.
(e) By mutual agreement between an employee and his appointing authority an accepted resignation may be withdrawn and rescinded at any time prior to the effective date and time specified by the employee in his notice of intention to resign.
[Emphasis added.]
The Commission referree's written reasons provided, in pertinent part, as follows:
[Civil Service Rule 12.11] provides that resignations may be submitted orally or in writing and it becomes an accomplished fact upon its acceptance by the employee's appointing authority, notwithstanding that it may include a prospective date. Evidence received at the hearing established that Mr. Flanagan submitted a written resignation by letter dated September 23, 2002 and effective January 31, 2003. The evidence also established that the resignation was accepted by the appointing authority on October 7, 2002.
A resignation ... can be appealed if there is an allegation that the resignation was not voluntary, i.e. obtained by fraud, mistake, duress or some other vice of consent. See Sanderson v. Department of Public Safety, [Division of State Police, 351 So.2d 813, 815 (La. App. 1 Cir. 1977)].
In this matter Mr. Flanagan does claim that his resignation was not voluntary. Mr. Flanagan alleges that a supervisor continuously assured him that he would be allowed to withdraw his resignation and he testified as to this at the hearing on June 15, 2005. However, the supervisor also testified and he testified otherwise. The Referee concludes that Mr. Flanagan's testimony was self-serving and that the supervisor gave the more reliable testimony.
The Referee concludes that Mr. Flanagan's resignation, however unwise, was voluntarily given and that its acceptance was in conformity with Civil Service Rules.
A thorough review of the record on appeal reveals that the testimony of Mr. Flanagan, that he was assured his written resignation could be withdrawn, was directly contradicted by the testimony of Mr. Algero, who stated that Mr. Flanagan was not given this assurance. The Commission referee chose to believe the testimony of Mr. Algero over that of Mr. Flanagan.
On appeal, the issue to be resolved by a reviewing court is not whether the trier-of-fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Where factual findings are based on determinations regarding the credibility of witnesses, the trier-of-fact's findings demand great deference. Boudreaux v. Jeff, XXXX-XXXX, p. 9 (La. App. 1 Cir. 9/17/04), 884 So.2d 665, 671; Secret Cove, L.L.C. v. Thomas, 2002-2498, pp. 6-7 (La. App. 1 Cir. 11/7/03), 862 So.2d 1010, 1016, writ denied, XXXX-XXXX (La. 4/2/04), 869 So.2d 889. The trier-of-fact is empowered to accept or reject, in whole or in part, the testimony of any witness deemed lacking in credibility. Verges v. Verges, XXXX-XXXX, p. 10 (La. App. 1 Cir. 3/28/02), 815 So.2d 356, 363, writ denied, XXXX-XXXX (La. 9/20/02), 825 So.2d 1179. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d at 883; Wright v. Bennett, XXXX-XXXX, p. 25 (La. App. 1 Cir. 9/28/05), 924 So.2d 178, 193.
Thus, we are unable to say the Commission's ruling, which found Mr. Flanagan's resignation was voluntarily given, was in error, and must conclude as this court did in Sanderson v. Department of Public Safety, Division of State Police, 351 So.2d 813, 815 (La. App. 1 Cir. 1977), that any misunderstanding vis-à-vis Mr. Flanagan's resignation was of his own making.
Further, we find no error in the Commission's finding that Mr. Flanagan's resignation was accepted in conformity with Civil Service rules. Angela Wilkinson, DEQ's Human Resources Director, testified that Mr. Flanagan's resignation was accepted on or about October 7th or 8th of 2002, and prior to October 11, 2002. She testified that DEQ then began to "double encumber" Mr. Flanagan's position (i.e., to secure Mr. Flanagan's replacement), which would not have been done until the resignation was accepted. Ms. Wilkinson testified that the initials of DEQ Assistant Secretary R. Bruce Hammatt and Deputy Secretary Robert P. Hanna were placed directly on Mr. Flanagan's letter of resignation, signifying DEQ's acceptance.
Where circumstances indicate an agency has accepted a written resignation, no written acceptance is required. See Stern v. New Orleans City Planning Commission, XXXX-XXXX at p. 6, 859 So.2d at 700, and Pugh v. Department of Culture, Recreation and Tourism, Sabine River Authority, 597 So.2d at 41.
Thus, even if the initials of Mr. Hammatt and Mr. Hanna, standing alone, were insufficient to constitute a written acceptance of the resignation, the additional action by DEQ of "double encumbering" Mr. Flanagan's position made it clear that DEQ had accepted the resignation. Therefore, any withdrawal of that resignation could only have been accomplished with DEQ's consent, which was not granted. Consequently, we conclude that there was a reasonable basis in the record for the Commission to have found DEQ had properly accepted Mr. Flanagan's resignation.

CONCLUSION
For the reasons assigned herein, the judgment of the Civil Service Commission is affirmed. All costs of this appeal are assessed to plaintiff/appellant, Henry Flanagan.
AFFIRMED.
NOTES
[1] Initially, the Commission referee dismissed Mr. Flanagan's action on DEQ's assertion that the appeal was untimely, but on application to the Commission, the dismissal was recalled and the matter remanded to the referee for the taking of testimony. DEQ sought writs on this Commission decision, both to this court and to the supreme court, without success. Flanagan v. Louisiana Department of Environmental Quality, XXXX-XXXX (La. App. 1 Cir. 11/17/04) (unpublished); Flanagan v. Louisiana Department of Environmental Quality, XXXX-XXXX (La. 2/18/05), 896 So.2d 39.
[2] Article X, § 8 of the Louisiana Constitution provides:

(A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
[3] Article X, § 12 of the Louisiana Constitution provides, in part:

(A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered. If an application for review is not timely filed with the commission, the decision of the referee becomes the final decision of the commission as of the date the decision was rendered. If an application for review is timely filed with the commission and, after a review of the application by the commission, the application is denied, the decision of the referee becomes the final decision of the commission as of the date the application is denied. The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final. Any referee appointed by the commission shall have been admitted to the practice of law in this state for at least three years prior to his appointment.
[4] We note that even though the standard of review set forth in LSA-R.S. 49:964(G) applies to district courts when they sit in an appellate mode and review an administrative agency's final decision or order in an adjudication proceeding, judicial review of final decisions of the Commission does not lie in any district court but is constitutionally vested in the First Circuit Court of Appeal, pursuant to LSA-Const. Art. X, § 12. Thus, the standard of review contained in LSA-R.S. 49:964(G) does not apply to review of decisions of the Commission, because judicial review is performed by the First Circuit Court of Appeal, not by a district court. Ward v. Department of Public Safety and Corrections, 97-1109, pp. 3-4 (La. App. 1 Cir. 9/18/98), 718 So.2d 1042, 1044.
[5] Civil Service Rule 1.4 defines "appointing authority" as follows:

1.4 "Appointing Authority" means the agency, department, board, or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service.